THE GUARANTY COMPANY, *et al., Appellants,* v. J. C. LUNING, AS STATE TREASURER, *et al., Appellees.*

Division B.

Opinion Filed January 27, 1928.

*P. H. Odom, Jos. M. Glickstein* and *Geo. C. Bedell,* for Appellants;

*Reynolds, Rogers and Towers* and *R. E. Colcord,* for Appellees.

PER CURIAM.—Appellees as complainants below brought their suit against appellants as defendants in the Circuit Court of Duval County, Florida, to foreclose a certain mortgage more specifically therein described. Final hearing on bill and answer in which a demurrer was incorporated and testimony duly taken by a special master resulted in a decree of foreclosure, the pertinent parts of which are as follows:

"Ordered, adjudged and decreed, that the said defendant, The Guaranty Company, a corporation, and any other defendant or defendants desiring to redeem said mortgaged property from the lien of said mortgage, do pay unto the said complainants, J. C. Luning as State Treasurer of the State of Florida, for the use and benefit of A. P. Anthony, as Receiver of United States Trust Company, a corporation; and the said A. P. Anthony, as receiver of said United States Trust Company, or their solicitors of record, within one day from the date of this decree, the said sum of Forty thousand nine hundred and forty-seven dollars and ten cents ($40,947.10) and four thousand five hundred dollars for solicitor's fees decreed as aforesaid; and that in default of such payment that the said mortgaged premises and property, to-wit: * * * (omitting description) shall be sold at public sale by an officer of this court for the

satisfaction of the amounts due the complainants under the terms of this decree, and in the following manner, to-wit:* * *.

"That upon such sale being made as aforesaid, the said Special Master shall collect and reduce to possession the proceeds of said sale and report the same to this court together with all of his acts and doings in connection with the execution of this decree; and, upon confirmation of such sale, the said Special Master shall make, execute and deliver to the purchaser at such sale a deed of conveyance conveying to such purchaser the property hereinabove described; and, upon confirmation of such sale, the Special Master shall pay out and disburse the proceeds of said sale in the following manner:

"First, in payment of all costs, charges and expenses expended or incurred by the complainants in this suit, including the fees of the Special Examiner, the cost of the advertisement of sale, the fees and commissions of said Special Master, and the sum allowed to the complainant for the fees of their solicitors herein; and,

"Second, in payment of the net amount hereinabove ascertained and decreed to be due to the complainants upon said indebtedness secured by said mortgage; and it is further

"Ordered, adjudged and decreed, that if the proceeds of such sale exceed the amount necessary to make all of the payments above set forth and required to be made by this decree, then such excess, if any, shall be promptly reported by the Special Master and held by him to await the further orders of the court herein and if the proceeds of such sale shall be insufficient to make the payments above decreed, then the said Special Master, after applying the proceeds of such sale in the order hereinabove set

forth so far as the same will extend, shall make note of and report to this court the amount of such deficiency;

"And that any party to this cause including the purchaser at such sale shall have leave to apply to this court for confirmation thereof, and the court retains jurisdiction of this cause for the purpose of making such further orders and granting such further relief herein as may be equitable. Done and ordered at chambers in the County Court House of Duval County, Florida, on this 5th day of August, A. D. 1924."

From this decree of foreclosure the defendant, the Guaranty Company, a corporation, on the 27th day of August, A. D. 1924, entered its appeal to this Court, the said appeal being predicated on eighteen assignments of error.

A discussion of these assignments of error seriatim will not be undertaken here as we do not see that such a discussion would serve any useful purpose. We are convinced, however, that the decree of foreclosure is vague an indefinite in its terms and that is is erroneous in that it does not protect the creditors of The Guaranty Trust & Savings Bank.

We think that under the circumstances shown to exist in this case the creditors of The Guaranty Trust & Savings Bank should be the beneficiaries of the net proceeds of the mortgage foreclosure. For these reasons the cause is reversed with directions to the chancellor to enter a decree of foreclosure definite in terms and under which the creditors of The Guaranty Trust & Savings Bank will be protected in their enjoyment of the net proceeds of the mortgage.

WHITFIELD, P. J., AND TERRELL, J., AND LOVE, CIRCUIT JUDGE, concur.

BUFORD, J., disqualified.