**JUDGE HENDERSON v. D. C. COLEMAN, as Sheriff of the County of Dade, State of Florida.**

7 So. (2nd) 117           En Banc
March 26, 1942

Gramling & Gramling, for petitioner.

J. Tom Watson, Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for respondent.

BUFORD, J.:

This is an original proceeding in habeas corpus and we here review an order of the Honorable George E. Holt as Circuit Judge in and for Dade County, Florida, in the following language, to-wit:

"In the Name of and by Authority of the State of Florida: To all and Singular the Sheriffs of the State of Florida, Greetings:

"The above styled cause coming on to be heard before me, the undersigned, on January 16, 1942, upon the Rule to Show Cause heretofore issued herein on December 13, A. D. 1941, directed to Judge Henderson and Charles Lockhart, the President and the Secretary, respectively, of the Longshoremen Association, Local Union No. 1416, requiring the said Judge Henderson and the said Charles Lockhart, and each of them, to be and appear before this Court on January 5, A. D. 1942, at 10:00 A. M. and then and there to show cause, if any they can, why they, and each of them, should not be adjudged in contempt of this Court for the alleged violation by them of the Temporary Restraining and Mandatory Injunction Order rendered in this cause on December 23, A. D. 1941,

each of said respondents having had due notice of the issuance of said Order by this Court, and the contents thereof, and said hearing having been postponed by this Court, at the request of the solicitors for the said respondents, until January 15, 1942, and at the request of the solicitors for said respondents, said hearing was again postponed until January 16, 1942, and on said date of January 16, 1942, all interested parties appearing before this Court and being present in Court with their respective solicitors of record; and the Court having duly heard a great volume of testimony adduced before the Court by the parties, and having heard argument of the solicitors of record for the respective parties; and it appearing unto this Court, and this Court finding that from the testimony adduced before this Court, that the statements, acts and deeds of said Judge Henderson and Charles Lockhart, and each of them, as testified to before this Court, are in direct contravention and disobedience of the Temporary Restraining and Mandatory Injunction Order rendered in this cause on December 23, A. D. 1941; and the Court being fully advised in the premises, upon consideration thereof, it is, thereupon,

"Ordered, Adjudged and Decreed by the Court that the said Judge Henderson and Charles Lockhart, and each of them, be and they hereby are *adjudged* to be in contempt of this Court, for their failure, as President and Secretary, respectively, of the Longshoremen Association, Local Union No. 1416, to obey and comply with the Restraining Order and Mandatory Injunction rendered in this cause on December 23, 1941, by this Court, and to show any reasonable or legitimate cause why they, and each of them, failed to obey and comply with said Order and decree of this Court; and it is

further ordered, adjudged and decreed that the statements, acts and deeds and testimony of each of said respondents, Judge Henderson and Charles Lockhart, are in direct contravention and disobedience of the Order and Decree of this Court rendered in this cause on December 23, A. D. 1941, and that said statements, acts and deeds unjustly and unfairly and arbitrarily discriminate against the plaintiff's legal rights as enunciated and set forth in the Order of this Court rendered herein on December 23, A. D. 1941, and intimidates plaintiff's customers, hinders, delays and interferes with the conduct of plaintiff's business, in the due course of trade; and it is further,

"Ordered, Adjudged and Decreed that the Sheriff of Dade County, Florida, be, and he is hereby commanded, to take into his custody the said Judge Henderson and Charles Lockhart and that they, and each of them, be, and they hereby are ordered to be committed to the County Jail of Dade County, Florida, for a period of thirty days, and that at the end of said thirty day period of confinement, that said Judge Henderson and Charles Lockhart, and each of them, do pay a fine of $500.00, or that in default thereof, that said Judge Henderson and Charles Lockhart, and each of them, shall serve an additional thirty days in the County Jail of Dade County, Florida.

"Done and Ordered in Chambers at Miami, Dade County, on this 19th day of January, A. D. 1942."

The record shows that on the 23rd of December, 1941, the said Honorable George E. Holt, as Judge of the Circuit Court in and for Dade County, entered a certain Restraining Order, as follows:

"The above cause came on to be heard upon application of plaintiff for a temporary injunction, and re-

straining order, without notice; this application was denied and defendants and their counsel were apprised of said application and appeared before the court and argued the same; defendants requested time within which to file their answer which was granted. The cause was then set for final hearing, testimony was taken, argument of counsel for the respective parties had and testimony adduced; defendants advised that at this time they are unable to produce two witnesses; from the proffer of their testimony the Court concludes that if adduced such would not change the opinion of the Court; and upon request of counsel for defendants leave is granted to complete the record at a later date; and there being no objection to the issuance of this order at this time; the Court finds that this cause comes clearly within the holding of the Supreme Court of Florida, the case of Retail Clerks Union Local 779 v. Lerner Shops of Florida, Inc., decided December 5, 1939, found in 193 So. 529, and particularly that paragraph found therein as follows:

" 'The law is settled in this country that a labor organization may picket one's place of business for certain specified purposes, but here there is no showing whatever that such purposes are in being. It is not shown that appellee has been unfair to appellant, there was no strike, no complaint about working conditions, or hours of work, in fact there was no controversy whatever between appellee and its employees.'

"This cause, (Retail Clerks Union Local 779 v. Lerner Shops of Florida, Inc., supra) being the law in this state under the facts thereof, this court finds:

"Plaintiff is entitled to the relief prayed, and It Is Thereupon Ordered, Adjudged and Decreed that the defendants, the Teamsters, Chauffeurs, Warehouse-

men and Helpers of America, Local No. 390 Union, affiliated with the American Federation of Labor, and J. S. Kelso, as Business Representative of the Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 390, and the Longshoremen Association, Local No. 1416, Union, and each of them, their officers, agents, servants, employees and successors in office, and members and representatives, and all persons combining and conspiring with them and all other persons whomsoever, and each and every of them, be and they hereby are temporarily enjoined and restrained from picketing plaintiff's place of business at No. 132 N. E. 11th Street, Miami, Florida, and from combining and conspiring with all persons whomsoever against plaintiff, its officers, servants, agents and employees, and customers and prospective customers, and refrain from in any way or manner displaying signs, placards, or other writings, either by oral words or by signs, near the entrance to plaintiff's place of business at No. 132 N. E. 11th Street, Miami, Florida, and on the sidewalks in front of the plaintiff's place of business, or at any other place in the vicinity of plaintiff's said place of business that would in any way advertise, suggest or intimate that plaintiff is in anywise unfair to organized labor, or to members of the Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 390, Union, affiliated with the American Federation of Labor, and the Longshoremen Association, Local No. 1416, and from interfering with the business of plaintiff by intimidation, coercion, or threats against the plaintiff, its officers, agents or employees, or its place of business, or its customers or prospective customers, and from interfering with the free movement of the plaintiff's employees in their in-

gress and egress to and from the plaintiff's said place of business, and from their respective homes to the plaintiff's said place of business and return, or with the ingress or egress of customers or prospective customers to the plaintiff's said place of business, and from in any way or manner making or causing to be made false statements, malicious and covert implications against plaintiff's business, and from in any manner whatsoever molesting plaintiff, its officers, servants, agents and employees, by acts of coercion and intimidation with the operation of its business, and in any way or manner hindering plaintiff in the due course of its business.

"Done and Ordered in Chambers at Miami, Florida, this 23rd day of December, A. D. 1941."

On December 30, 1941, Collins Transport & Trading, Inc., a Florida corporation, filed its petition against the relators for Rule to show cause why they should not be held in contempt of court for violating the foregoing Restraining Order and on the same date Rule to Show Cause was issued directed to the Relators Judge Henderson and Charles Lockhart in the following language:

"Now, Therefore, we being willing that full and speedy justice be done in the premises, do command you, Judge Henderson, Individually, and as the President and Representative of the Longshoremen Association, Local No. 1416, Union, and Charles Lockhart, individually, and as the Business Agent and representative of said Longshoremen Association Local No. 1416, Union, and each of you, to be and appear personally before the Hon. George E. Holt, one of the Circuit Judges of the Eleventh Judicial Circuit of Florida, Dade County, in Chambers, at the Courthouse,

in the City of Miami, Dade County, Florida, at 12 o'clock ____M., Noon, on the 5th day of January, A. D. 1942, and then and there to show cause, if any you can, why you should not be adjudged guilty of contempt of this court for violation of the injunction as described and prayed for in said petition.

"Done and Ordered in Chambers, at Miami in Dade County, Florida, this 30th day of December, A. D. 1941."

And, thereafter, the order complained of was entered.

The charge made against Henderson and Lockhart was that they violated the injunctive order in the following manner, to-wit:

"The Longshoremen Association, Local No. 1416, Union, their officers, agents, servants, employees and members and representatives have combined and conspired against plaintiff, its officers, agents and employees, and its business, and its customers and have maliciously and wilfully interfered with the free movement of the business of the plaintiff, and has hindered plaintiff in the due course of its business in that, on December 28, 1941, the President of the Longshoremen Association, Local No. 1416, Union, to-wit: Judge Henderson, called a customer of plaintiff on the telephone, Albury & Company, and informed Mr. Earl Albury of that Company that if they used the trucks of 'Collins' (plaintiff herein) that the men wouldn't work, meaning the members of the Longshoremen Association, and that on said date the Business Agent of said Longshoremen Association Local No. 1416, Union, to-wit: Charles Lockhart, likewise called Albury and Company and informed Mr. Earl Albury of that Company that if they used 'Collins' trucks that

the men wouldn't work, and that the members of the Longshoremen Association have failed and refused to load the trucks of plaintiff at the docks in the City of Miami, Florida, or to perform their usual and customary duties in connection with any business of the plaintiff, all directly in violation of the Order of this Court made and entered on December 23, 1941; and that such acts, conduct and threats on the part of said Judge Henderson, the President of the Longshoremen Association, Local No. 1416, Union, and Charles Lockhart, the Business Agent of said Longshoremen Association, and the members of said Longshoremen Association are in direct contempt and violation of the Order of this Court made and entered herein on December 23, 1941.

"Wherefore, and by reason of the above, petitioner prays that this Court enter an order herein directing the said Judge Henderson, individually, and as President and representative of the Longshoremen Association, Local No. 1416, Union, and Charles Lockhart, individually and as the Business Agent and representative of said Longshoremen Association, Local No. 1416, Union, to show cause before this Court on a certain date to be fixed by this Court, why they, and each of them, should not be adjudged guilty of contempt of this Court for violation of said injunction order."

Now the only part of the injunctive order which the allegations of the petition for Rule Nisi could be assumed to refer to was the last phrase thereof, viz.: "and in any way or manner hindering plaintiff in the due course of its business." There is no allegation in the petition for Rule Nisi that either Henderson or Lockhart had any control over the members of Longshoremen Association Local No. 1416, Union, and

neither is it alleged that either of them was responsible for the members of the Union refusing to work in loading freight to and from "Collins" trucks. Nor is it alleged that either Henderson or Lockhart had the power either to compel the members of the Local to perform such work or to desist from performing such work. Nor is it alleged or proved that either Henderson or Lockhart either advised, persuaded or counseled the members of Local No. 1416 after the injunctive order was served as to what action such members, either individually or collectively, should take in regard to handling freight to and from "Collins" trucks.

It is shown that at the meeting at which the members voted unanimously to do nothing whatever in connection with the loading or unloading of such trucks, Lockhart was not even present and that Henderson did not vote on the question and that he was not a worker at the docks. But it is contended that because Henderson and Lockhart communicated with Albury & Company and advised that Company that the men of the Longshoremens Local No. 1416 would not handle certain freight which was expected to arrive at the docks to "Collins" trucks, that such action on their part constituted a violation of the injunctive order. We cannot concur in this conclusion because the record shows that prior to that time this local had negotiated with Albury & Company for a raise of ten cents per hour per man in the pay for unloading that particular cargo and that Albury & Company had agreed to pay the ten cents per hour raise and was, therefore, depending on those Longshoremen to unload the cargo. When the membership of the Local by unanimous vote, had determined not to work in unloading a cargo which was to be handled by "Collins"

trucks the officers Henderson and Lockhart were directed to notify Albury & Company of this condition, which was done. It appears that this action was the course which fairness to Albury & Company demanded, in the light of the agreement which had been reached between Albury & Company and the Local, as stated above.

The judgment of contempt does not state what, if any, acts were done by either of the relators which violated the injunctive order. Our conclusion is that the petition for Rule Nisi was too vague, indefinite and uncertain to constitute a proper basis for the issuance of a Rule Nisi and also that the judgment of contempt fails to adjudicate the commission of those acts by the relators which constituted a violation of the injunctive order.

In the case of Palm Corporation v. Walters, et al., 148 Fla. 527, 4 Sou. (2nd) 696, we said:

"Appellant's final contention is that the decree is insufficient and unenforceable because it does not set forth with sufficient specification the acts or conduct of the respective defendants, as occupants of separate parts of the building, which are to be restrained.

"The order is too indefinite in expressing its application to the particular defendant who is the appellant here and the statements of the acts are not sufficiently clear to apprise the defendants below what they must refrain from doing.

"Acts or things enjoined as nuisances should be specified with reasonable definiteness, considering their nature and character, for if not sufficiently definite in statement the decree may not be sustained. See 28 Am. Jur. 473, Sec. 300; 32 C.J. 368, Sec. 620, and cases cited. See also Guaranty Co. v. Luning, 95 Fla.

103, 116 So. 9. It would be impossible to state a precise rule to follow in applying this requirement, for some things, in reason and justice, may not be capable of a statement as exact as others, however, the final decree here does not appear to be sufficiently definite in its description of the acts enjoined or in its specification of those acts which are chargeable to the respective occupants of the building. It is true the decree follows the allegations sustained by the evidence, and then enjoins defendants from making or permitting to be made on the hotel premises, '—noises that may be annoying or disturbing to those occupying the building known as the Walters Building, Miami Beach, Florida . . . ', but this provision of the decree is entirely too general. The decree should be so definite that a violation by either occupant could be adjudicated and determined with accuracy."

The most that is alleged in the petition is that each of the relators advised certain persons doing business as Albury & Company that if that company used the trucks of "Collins" the members of the Longshoremen Association Local No. 1416, Union, would not work.

The record shows that this information was given after the members of the Union had held a meeting and had determined by a majority vote not to serve in either loading or unloading "Collins" trucks.

We are not advised of any rule of law under which any man in this country will be forced to serve with his labor any other man whom he does not wish to serve.

Section 19 of the Bill of Rights of our Constitution provides:

"Neither slavery nor involuntary servitude, except as a punishment for crime, whereof the party has been duly convicted, shall ever be allowed in this State."

If the injunctive order be construed to mean that the officers and members of the Longshoremens Association Local No. 1416 were thereby required to load or unload the trucks of "Collins" although there was no contractual relation between the local and Collins, then such construction would violate the Constitutional provision above referred to. We think it will not be contended that any member of the local could be committed to jail for refusing to load or unload the "Collins" trucks. That service required the performance of manual labor and it is beyond the power of courts to punish one by imprisonment for failure to engage in involuntary servitude.

The record shows that the members of the Union held a meeting after the injunctive order was served on Henderson and Lockhart and there the membership was advised of the injunctive order and the membership then and there discussed the matter and by unanimous vote determined not to report at the dock for work and directed Henderson and Lockhart to advise Albury & Company that the members of the Local would not load or unload the "Collins" trucks; that the members of the Union would not interfere with the loading or unloading of the trucks, but would remain away from the docks.

There can be no doubt that if in the face of the injunctive order Henderson and Lockhart, or either of them, had been shown to have affirmatively counseled and advised the members of the local to obstruct plaintiff's business by refusing to handle freight in connection with plaintiff's trucks, this action on their part would have properly been construed as a violation of the injunctive order, but it is neither alleged nor proved that either of them took such action.

· Under the factual conditions shown to exist in this case the order challenged may be reviewed on habeas corpus. See ex parte Bostwick, 102 Fla. 995, 136 Sou. 669; Ex Parte Earman 85 Fla. 297, 95 Sou. 755, 31 A.L.R. 1226; State v. Lehman, 100 Fla. 481, 129 Sou. 818; Ex Parte Bowen, 25 Fla. 214, 6 Sou. 65.

For the reasons stated, the defendant is discharged. So ordered.

BROWN, C. J. WHITFIELD, TERRELL, CHAP-MAN, and THOMAS, JJ., concur.

ADAMS, J., dissent.