76 So.2d 654 (1954)
James V. PIZIO and Arthur W. Hammond d/b/a Pizio's Drive-in, Appellants,
v.
Melvin BABCOCK and Mabel J. Babcock, his wife, Appellees.
Supreme Court of Florida. Division A.
December 21, 1954.
McCune, Hiaasen & Kelley and Albert E. Barrs, Jr., Fort Lauderdale, for appellants.
Welcom H. Watson, Fort Lauderdale, for appellees.
TERRELL, Justice.
Appellees own and operate a motel and apartment house on Southeast 15th Street in the City of Fort Lauderdale. Appellants own and operate a drive-in restaurant on Southeast 15th Street in the same city. Both properties are on the same side of the street, are separated by a vacant lot and are near or adjacent to U.S. Highway Number One, sometimes called the Federal Highway.
May 26, 1954, predicated on a complaint filed November 12, 1953, appellees secured a permanent injunction against appellants, the pertinent part of which is as follows:
"It is ordered, adjudged and decreed that the said defendants James V. *655 Pizio and Arthur W. Hammond, doing business as Pizio's Drive In, are hereby enjoined and restrained from the hour of 10:00 p.m. until the hour of 7:00 a.m.,
"1. From operating a phonograph, juke box, or radio broadcasting loud noises therefrom.
"2. From emptying garbage during the late hours of the night and early hours of the morning, using metal receptacles and causing a great deal of noise therefrom, and from the slamming of doors.
"3. From engaging in or permitting loud and boisterous talking, hollering and yelling, the blowing of horns, the loud playing of automobile radios, and slamming of automobile doors.
"4. From operating, or permitting to be operated on the premises, `hot rod automobiles,' racing motors, with mufflers cut out, slamming brakes and screeching tires."
We are confronted with an appeal from said final decree. It is contended (1) that appellees did not allege and prove that appellants operated their business in such a manner as to be a nuisance, (2) the permanent injunction appealed from is not so definite as to apprise appellants of what they are required to do. It is in fact so indefinite, say appellants, that they are in doubt as to what steps they should take to comply with it.
In response to the first question, it is sufficient to say that the complaint alleges a cause of action. As to the proof, it is evident that all the allegations of the complaint were not proven but the chancellor found that while there were conflicts in the proof there was "ample evidence to sustain the allegations that the operation and maintenance of the said drive-in restaurant constituted a nuisance." In reaching this conclusion the chancellor had the parties before him, he lived in the same community and there is no showing whatever of an abuse of discretion. To reverse him on this point under the circumstances would amount to substituting our judgment for his which we are not authorized to do.
As to the challenge to the clarity and certainty of the injunctive order, we think there is a basis for grievance. There are four paragraphs in the injunctive order, each defining different categories of acts that may constitute a nuisance. The chancellor may have intended the operation of the injunctive order from the "hour of 10:00 p.m. until the hour of 7:00 a.m." to apply to each category and to inhibit them during said hours. If this were the intent of the injunctive order it is in conflict with the time element in the second category of nuisances which forbids "emptying garbage during the late hours of the night and early hours of the morning," etc. There should be some qualification as to what is contemplated by "late hours of the night" and "early hours of the morning." Like qualifications as to time and degree should be specified as to "loud and boisterous talking, hollering and yelling," etc., in the third category. Palm Corporation v. Walters, 148 Fla. 527, 4 So.2d 696.
Injunctive orders like this should be confined within reasonable limitations and cast in such terms as they can, with certainty, be complied with. The one against whom it is directed should not be left in doubt about what he is to do. Even when these specifications are observed the chancellor will often be confronted with a difficult problem in casting the injunctive order. In this case his task is further complicated by the fact that the properties involved are near to or border on the Federal Highway, said to be the heaviest traveled highway in the State, with all its accompanying noise and disquiet. Appellee was on notice of this when he acquired his property and as to that he cannot complain. It is, however, a factor that may be considered in entering the injunctive order.
It follows that as to question two the cause is reversed and remanded with directions *656 to modify the injunctive order in compliance with the views expressed in this opinion.
Reversed and remanded.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.