PER CURIAM.
This interlocutory appeal is taken from an order entered after judgment which denied appellant-wife’s petition for attorney’s fees. In the previous final judgment the court had dismissed the appellant-wife’s suit for divorce after trial. When the cause came on to be heard on the wife’s application for attorney’s fees the court found as follows:
“ * * * The legal issue presented by the oral argument and written briefs for the respective parties is whether or not attorney fees and suit monies shall be awarded to a wife, of independent means, who files a groundless and ultimately *656 unsuccessful suit for divorce against her husband.”
Based on this finding the court entered its order denying any recovery against the appellee-husband but of its own motion directed the wife to pay the sum specified as a reasonable fee. We note that the direction to the wife is not in the form of a judgment, but we feel constrained to mention that since it is not based on a pleading or notice to the wife of such application, it is of no legal effect. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927); Cortina v. Cortina, Fla.1957, 98 So.2d 334.
The finding of the trial judge constitutes a holding that the suit of the wife was not well-founded. In order to reverse a denial of attorney’s fees, the burden is upon the appellant to demonstrate a clear abuse of discretion. McFarlin v. McFarlin, Fla.1954, 75 So.2d 580.
Affirmed.