265 So.2d 414 (1972)
Peggie MELIN, Appellant,
v.
David E. MELIN, Appellee.
No. 71-1153.
District Court of Appeal of Florida, Third District.
August 8, 1972.
*415 William John Mason, Miami, for appellant.
Daniel Neal Heller, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant-defendant Peggie Melin seeks review of a post final judgment order, dated September 24, 1971, entered in an action for divorce brought by her husband appellee-plaintiff David E. Melin. The order appealed awarded her $400.00 per week as alimony, beginning as of September 10, 1971, and continuing for twenty-six weeks; this amounts to $10,400.00. The order also required her husband to pay all necessary expenses incurred by her up to and including the date of the final divorce judgment, and it further required him to pay medical and psychiatric bills incurred during a period certain. The last paragraph retained jurisdiction over the parties and subject matter.
This case involves the proper interpretation of Florida's 1971 no fault divorce law, Ch. 61, Fla. Stat., F.S.A.
The parties were married in October, 1968; she for the third or fourth time and he for the second. They separated and lived together at various times until Mr. Melin filed a complaint for divorce under the old divorce statute, Ch. 61, Fla. Stat., 1969, in January, 1971. After a hearing before the chancellor a final divorce judgment was granted in June, 1971, only a few days before the new divorce law became effective on July 1, 1971. 1971 Laws of Florida, Ch. 71-241, §§ 21 and 24.
The parties lived together during their marriage of three years for about two years. The wife was in her early thirties and the husband was in his mid-forties. The wife had a son from a prior marriage. The husband had three children from his former marriage. There were no children born of their marriage to each other.
The wife had a history of epilepsy. In addition she suffered from psychological problems prior to and during this marriage. Her treating psychiatrist testified that she was not stable enough to work. (Sometime in the past, she had worked as a stewardess.) The husband points out that the wife was successfully attending Miami Dade Junior College, also that she was in good health and that the psychiatrist wanted her to work. The appellee husband further says that the psychiatrist testified that she regularly took vacation trips and that she dated other men after the dissolution of marriage became final.
It appears that the post final judgment order awarding alimony was not based upon a specific agreement of the parties.
*416 The parties do not dispute that the husband is wealthy and draws a weekly salary of almost $600.00. The parties also agree that the husband made certain lavish gifts to his wife, and she was not required to return them.
The appellant wife contends that where she showed a need for alimony and for payment of medical expenses, and where she showed her husband's ability to pay, then the court erred in limiting such payments to a period of six months for alimony and three months for payment of medical expenses. The appellee responds that she has failed to demonstrate that the trial court committed reversible error.
Prospective modification of alimony judgments was permitted under the old law, § 61.14, Fla. Stat. 1969, F.S.A., whether the judgment was based on a stipulation or solely upon the testimony presented. The amount of lump sum alimony awarded, however, could not be modified. Gordon v. Gordon, Fla.App. 1967, 204 So.2d 734.
Both parties have contended that the post final judgment order concerning alimony is governed by the 1971 enactment. We agree; 1971 Laws of Florida, Ch. 241 § 21(1) provides:
"Section 21. Application
"(1) This act applies to all proceedings commenced on or after its effective date; provided, however, that pending actions for divorce are deemed to have been commenced on the bases provided in section 7 of this act, and evidence as to such bases for dissolution of marriage after the effective date of this act shall be in compliance with this act.
* * * * * *
Both parties urge that alimony must either be rehabilitative or permanent. This is correct; the applicable section is:
"61.08 Alimony
"(1) In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be rehabilitative or permanent in nature. In any award of alimony the court may order periodic payments or payments in lump sum or both. The court may consider the adultery of a spouse and the circumstance thereof in determining whether alimony shall be awarded to such spouse and the amount of alimony, if any, to be awarded to such spouse.
"(2) In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties."
The appellant then makes substantially the following argument: The alimony in this case is probably rehabilitative, but whether it is rehabilitative or permanent, the award of alimony will expire according to the terms of the judgment and without any provision for modification or continuation. Her alimony would also cease without a provision in the order appealed for the setting of a hearing to determine its continuation or modification. In short, appellant's counsel says: "This was an award for twenty-six weeks; after that, that is all."
In presenting this line of reasoning both appellant and appellee agree, as this court does, that in the usual case a wealthy husband is under no duty to support his young ex-wife indefinitely.
It is our view that the new statute in § 61.14 continues to allow modification of alimony, particularly based on changed circumstances in a manner analogous to that of the prior enactments. The appellant's conclusion that the wife cannot seek modification at or before the termination of the twenty-six weeks period is therefore incorrect. Furthermore, under terms of the order appealed, she is entitled to make application for modification after the twenty-six week period. This is clearly authorized by the new statute, § 61.14(1), which reads, in pertinent part, as follows:
"61.14 Modification of alimony judgments; agreements, etc. 
"(1) ... [W]hen a party is required by court order to make any payments, *417 and the circumstances or the financial ability of either party has changed since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit ... in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances and the financial ability of the parties, decreasing, or increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order."
* * * * * *
We hold that the trial court did not err in retaining jurisdiction of the parties and subject matter for the purpose of entering such orders as may be necessary under the circumstances.
Affirmed.