315 So.2d 11 (1975)
Lois A. HYATT, Appellant,
v.
Charles E. HYATT, Appellee.
No. 74-922.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Rehearing Denied July 22, 1975.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant, ex-wife, seeks review of a final dissolution of marriage judgment. She urges three points for reversal: (1) the trial court abused its discretion in awarding her $87,000 as lump sum alimony payable monthly over a period of five years plus her ex-husband's equity in the marital residence in light of her ex-husband's average yearly income and net worth and their established standard of living during the marriage; (2) the trial court erred in refusing to retain jurisdiction for the purpose of allowing further alimony after the expiration of five years should the circumstances and needs of appellant so require; and (3) the trial court erred in assessing against the wife $3,750 *12 representing one-half of the appraiser's fee where the financial status and potential of the ex-husband was vastly superior to that of the wife.
As to points one and three, after a consideration of the record on appeal, we find that appellant has failed to demonstrate an abuse of discretion with respect thereto and the judgment pertaining to these matters is affirmed. See, e.g., Lee v. Lee, Fla.App. 1972, 262 So.2d 6 and Rine v. Rine, Fla.App. 1970, 240 So.2d 655.
Turning to point two, we conclude that the effect of the alimony provision was to furnish appellant, ex-wife, with monthly amounts for a certain period of years which were not shown conclusively to be more than would be needed annually for the maintenance and support of herself on which she was entitled to live during that period, with a reasonable probability that she may be left at the end of such period at an age of approximately 50 without the support for which she may have need.
Accordingly, we hereby remand the cause to the trial court with directions to amend the judgment to include a reservation of jurisdiction by the trial court to award to the appellant, ex-wife, in addition to the granted lump sum alimony, periodic alimony at such time or times and in such amount or amounts as it may be made by her to appear, from changes in circumstances of the parties, to have become necessary or reasonably required for her support. See Greene v. Greene, Fla.App. 1972, 256 So.2d 258 and Cf. Melin v. Melin, Fla. App. 1972, 265 So.2d 414; Reback v. Reback, Fla.App. 1974, 296 So.2d 541; Schwartz v. Schwartz, Fla.App. 1974, 297 So.2d 117.
We also considered the issue raised by appellee, ex-husband, on cross-appeal and find that to be lacking in merit.
In all other respects the final judgment herein appealed is affirmed.
Affirmed in part, reversed in part and remanded with directions.