PEARSON, Judge.
VAC Development Corporation brought suit against Cecilio Castillo seeking a judgment of rescission of a,, mortgage given by VAC to Castillo to cover advances. Castillo counterclaimed seeking a judgment of foreclosure. The trial judge, in an attempt to settle the equities between the parties, granted the following relief: (1) “can-celled’’ the mortgage which secured an indebtedness stated to be $200,000.00, and (2) found that the corporation owed Castillo in the amount of $112,411.80, for which he declared that Castillo had a lien” upon all the assets of VAC Corporation.[1] The plaintiff VAC Corporation has appealed urging as error that the court improperly conducted a partial accounting of outstanding debts between the parties and declared a lien outside of any mortgage upon all *792 corporate assets. The defendant-counter-claimant Castillo [2] has cross-appealed urging as error that the court, having determined that money was due him, should have foreclosed the mortgage for that amount.
Castillo owns one-third of the stock of VAC. He has advanced money and transferred land to the corporation. The affairs of the corporation and Castillo’s advances have been handled in an unbusi-nesslike manner. There is evidence in the record that the face amount of the mortgage note does not accurately represent the amount advanced by Castillo. In addition, it is clear that Castillo has defaulted on at least one of his undertakings, which was included as an advance to the corporation in determining the amount of the mortgage indebtedness.
The efror in this case consists of a failure to limit the evidence to matters concerning the mortgage which was in issue. See Cortina v. Cortina, Fla.1957, 98 So.2d 334; Cravero v. Florida State Turnpike Authority, Fla.1956, 91 So.2d 312; and Rine v. Rine, Fla.App.1970, 240 So.2d 655. It is clear from the judgment entered that it does not attempt to settle all the equities between the parties but it is unclear whether the $112,411.80 found to be due ■ Castillo from the corporation is only for the indebtedness due on the mortgage. A judgment of foreclosure that is “vague and indefinite in its terms” may require a reversal by the appellate court. See Guaranty Co. v. Luning, 95 Fla. 103, 116 So. 9 (1928). If that amount is due upon the mortgage indebtedness, then the lien of the mortgage covers the property encumbered by the mortgage and not the general assets of the corporation. If that amount is due to Castillo for debts outside of the indebtedness for which the mortgage was executed, then a general accounting for all debts between the parties must be had.[3] A third possibility exists, that is, that the court may find, as it apparently did, that Castillo is equitably estopped to foreclose the mortgage. If that is true, then the lien of the mortgage is discharged and the indebtedness would be subject to judgment and execution unless there are countermanding equities.
Accordingly, the judgment appealed is reversed and the cause remanded for the determination of the issues set forth.
Reversed and remanded.

. Execution was not authorized.

. It appears from the briefs and argument in this court and the judgment appealed that the remaining parties appellee have only a nominal interest in the subject matter.

. Neither party asked for a general accounting in its pleadings, nor does it clearly appear that it was had by common consent.