PER CURIAM.
Plaintiff, VAC Development Corp., seeks reversal of an order on mandate and final judgment (1) awarding defendant Cecilio Castillo $112,411.80 on his counterclaim, and (2) rescinding a mortgage lien based upon the findings that Castillo was equitably es-topped to foreclose the subject mortgage and there are no countermanding equities.
VAC Development Corp. filed a complaint against Cecilio Castillo and others for rescission of a mortgage given by VAC to Castillo. Castillo counterclaimed seeking to foreclose the mortgage. After the conclusion of the trial, the judge cancelled the mortgage and found that VAC owed Castillo $112,411.80 for which he declared Castillo had a lien upon all the assets of VAC. VAC appealed and this court reversed holding as follows [VAC Development Corporation v. Abelleira, 330 So.2d 791, 792 (Fla.3d DCA 1976)]:
“The error in this case consists of a failure to limit the evidence to matters concerning the mortgage which was in issue. See Cortina v. Cortina, Fla. 1957, 98 So.2d 334; Cravero v. Florida State Turnpike Authority, Fla. 1956, 91 So.2d 312; and Rine v. Rine, Fia.App. 1970, 240 So.2d 655. It is clear from the judgment entered that it does not attempt to settle all the equities between the parties but it is unclear whether the $112,411.80 found to be due Castillo from the corporation is only for the indebtedness due on the mortgage. A judgment of foreclosure that is ‘vague and indefinite in its terms’ may require a reversal by the appellate court. See Guaranty Co. v. Luning, 95 Fla. 103, 116 So. 9 (1928). If that amount is due upon the mortgage indebtedness, then the lien of the mortgage covers the property encumbered by the mortgage and not the general assets of the corporation. If that amount is due to Castillo for debts outside of the indebtedness for which the mortgage was executed, then a general accounting for all debts between the parties must be had. A third possibility exists, that is, that the court may find, as it apparently did, that Castillo is equitably estopped to foreclose the mortgage. If that is true, then the lien of the mortgage is discharged and the indebtedness would be subject to judgment and execution unless there are countermanding equities.
“Accordingly, the judgment appealed is reversed and the cause remanded for the determination of the issues set forth.
“Reversed and remanded.” [Emphasis supplied]
Upon the issuance of the mandate by this court, Castillo filed a motion for entry of an order on the mandate wherein he alleged that the third possibility of the three above suggested by this court was the proper and correct one. After a hearing, the trial court entered its order on mandate and final judgment for Castillo in the amount of $112,411.80 and cancelled the judgment lien.
On appeal VAC basically argues that the final judgment is void because the trial court failed to comply with the mandate of this court.
The record reflects the trial judge followed the third suggestion of this court. After having already determined that Castillo was equitably estopped to foreclose the mortgage, the judge then determined that there are no countermanding equities which would prevent a judgment and execution thereon in the amount of $112,411.80. We find the judgment complied with the man *118 date of this court and VAC has failed to demonstrate reversible error.
Affirmed.