SCHEB, Acting Chief Judge.
Appellants, Roy Dawson and Roy Dawson Radio Communications, Inc., challenge a final judgment enjoining them from interfering with appellees’ easements and awarding damages to appellees.
Appellants contend the trial court erred in awarding other than nominal damages, in enjoining them from ceasing airport operations without one year’s prior notice to appellees, and in ruling that appellees could apply to renew the appellants’ airport license. We find merit to appellants’ contentions.
The individual appellees own either improved or unimproved parcels of land adjacent to South Lakeland Airpark, an airport owned and operated by appellants. In their amended complaint, appellees alleged that they owned easements which granted them use of the appellants’ airport runway and taxiway for ingress and egress to the runway. They claimed that appellants had “hassled” them, indicated an intention to close the airport and turn it into a subdivision, failed to maintain the runway, and generally interfered with their easement rights.
Appellees prayed for a declaratory judgment adjudicating the rights of the parties. Specifically, they sought to enjoin appellants from violating their easement rights and to assess damages for the devaluation of their properties caused by the appellants’ interference. In addition, appellee Trent sought damages for his alleged loss of the “benefit of the bargain” in his attempt to sell his property.
Appellants’ answered, asserting that they had acted within their discretion and in conformity with the Federal Aviation Administration (FAA) regulations to facilitate the safety, security, and drainage of the airport and to prevent aircraft from entering the middle of the runway.
At trial, appellees testified to appellants’ destruction and blocking of the connector taxiways to the runway by putting up a fence, poles, and by digging a four to five foot cut through the connector taxiways. They also mentioned appellants’ failure to adequately maintain the runway and appellants’ attempts to limit the use of the runway and to harass appellees and their guests. The evidence disclosed that the period of interference varied from approximately two to six years depending on when appellees purchased their properties. Ap-pellees were inconvenienced in their use and enjoyment of their easements. They were, however, not completely deprived of access to the runway. Nevertheless, in at least one instance an easement holder’s access to the runway was dependent on the use of a neighbor’s property.
Depositions admitted into evidence established that on two separate occasions prospective buyers refused to purchase appel-lee Trent’s property after talking with appellant Dawson. One even refused to buy it at a substantial discount. Yet, appellee Trent offered no evidence of having suffered a monetary loss. The only other evidence offered by appellees to prove their damages was the estimates given by appel-lees as to the value of their individual properties both before and during the period of appellants’ interference.
At the conclusion of a non-jury trial, the court found that each appellee, except Wilma L. Powell, had a valid and subsisting easement. The court ordered appellants to immediately remove any fence, poles, or other obstructions and to restore the connector taxiways to allow appellees’ direct access to the runway and taxiways. The court enjoined appellants from verbally or physically harassing appellees, their fami *313 lies, or their guests and from ceasing operation of the airport without first giving the easement holders “one (1) year’s notice by certified mail with return receipt, of their intention to cease operations.” The trial judge’s order stated that the cessation of operations at the airport would neither void the appellees’ easements nor preclude ap-pellees from utilizing their easements to use the taxiways and runway of the airport unless they failed to renew the airport license. Each appellee, except Wilma Powell “until and unless she perfects her right to the easement,” was permitted to apply for or renew the license or licenses necessary to permit the airport to continue functioning.
The trial court also found that the appel-lees:
have partially lost the use of their properties, during the time of the [appellants’] interference with such easements. The Court has determined that the value of that loss shall be based upon the un-contradicted testimony of each Easement Holder, which was uncontradicted as to the loss of value of each Easement Holder’s property using the minimum difference in value. The damages shall be the loss of value multiplied by 3% per annum since Roy Dawson Radio Communications, Inc. purchased the airport or since the individual Easement Holder obtained his easement, whichever occurred later.
The court then awarded appellees varying amounts totalling $49,021.58. This timely appeal ensued.
Appellants first contend that the trial court erred in awarding appellees other than nominal damages. We agree. It is fundamental that those seeking to recover damages must prove with reasonable certainty the damages claimed. It is apparent that appellees suffered certain inconvenience and harassment concerning the use and enjoyment of their easement rights. However, the record is devoid of any evidence that they suffered any permanent loss of value of their properties. Appellee Trent’s attempts to dispose of his property may have been thwarted by Dawson’s conversations with prospective purchasers, but Trent did not establish that he sustained any “loss of bargain” as a result. The trial court issued its permanent injunction against appellants before any of the appel-lees sustained any loss from sale of their properties. Furthermore, appellees failed to establish any permanent injury to their properties. Therefore, it was improper for the court to award damages on the basis of a diminution in value of appellees’ properties. See Keyes Co. v. Shea, 372 So.2d 493 (Fla. 4th DCA 1979).
Furthermore, while appellees undoubtedly suffered considerable inconvenience from appellants’ temporary interference with their easement rights, they offered no evidence from which the court could assess other than nominal damages in this regard. The injunction requires appellants to restore the connector taxiways so appellees did not incur any monetary loss for any restorations.
There is a paucity of authority in Florida as to an entitlement to damages for temporary interference with easements. Cases from other jurisdictions, however, affirm that an easement holder may recover damages for temporary interference. See, e.g., Can Am Industries v. Firestone Tire & Rubber Co., 631 F. Supp. 1180 (C.D. Ill. 1986) (increased costs caused by delay due to interference with easement, which costs were itemized in construction bills and worksheets); Deyling v. Flowers, 10 Ohio App.3d 19, 460 N.E.2d 280 (1983) (cost of regrading roadway on easement); Mondelli v. Saline Sewer Co., 628 S.W.2d 697 (Mo.App.1982) (reduction in rental value of the easement owners’ property); Boynton v. Buchanan, 12 Mass.App. 822, 429 N.E.2d 365 (1981) (lessened rental value of the easement owners’ property while the injury continued); Schmidt v. Parker Land & Cattle Co., 517 P.2d 870 (Colo.App.1974) (loss suffered by easement owners’ inability to use land for pasture). Here, however, appellees offered no evidence that they sustained any compensable losses as a result of appellants’ actions. Thus, despite proof of appellants’ interference with their easement rights, it was improper for the court to award other than nominal damages since they failed to demonstrate any *314 pecuniary loss. See Kostidakis v. Stracener, 411 So.2d 1020 (Fla. 5th DCA 1982).
We also agree with appellants that the trial court erred in enjoining them from discontinuing their operation of the airport unless they give the easement holders one year’s notice of their intention to cease operations. We have not been cited to any authority and we know of none that would require appellants to operate their business on a continuing basis. Indeed, such a requirement could result in substantial losses and an unwilling exposure to unacceptable liabilities. In effect, this provision of the injunction would force appellants to “labor” against their will. See generally Henderson v. Coleman, 150 Fla. 185, 7 So.2d 117 (1942).
In view of appellees’ easement rights which run with the land, it would be appropriate for the trial court to require that appellants give a reasonable notice of any intention to cease operations at the airport. Therefore, on remand, the trial court shall delete the language in paragraph 14(f) of the final judgment which enjoins the appellants from “ceasing operation of the South Lakeland Airpark, unless the Defendants shall give the Easement Holders one (1) year’s notice by certified mail with return receipt, of their intention to cease operations” and the language “unless they fail to renew the airport license.” In lieu thereof, the court shall insert a provision requiring appellants to give the easement holders reasonable notice of any intent to cease airport operations.
Finally, appellants contend that the trial court erred in ruling that the easement holders may apply for or renew the appellants’ airport license. Apparently, the rationale for the judge’s ruling is based on the easement agreements which state that said easements are renewable annually “so long as said airport runway license, granted by the State of Florida for a bona fide airport, is maintained by either the assign- or or assignee herein, or their assigns.”[1] We note that the trial judge stated on the record that he was not ruling one way or the other on the state or FAA regulations and that he regarded the right to secure a renewal as a matter between the various parties and the state. The written judgment simply extends his original ruling and may be harmless; however, the licensing and renewal of licensing of airports in Florida is governed by section 330.30(2), Florida Statutes (1985). Pursuant to this section the licensing of airports is under the authority of the Department of Transportation, which is not a party to this suit. On remand, the court should delete from paragraph 16 the language permitting appellees “to apply for or renew the license or licenses necessary to permit the South Lakeland Airpark to continue functioning as an airport.”
Accordingly, we vacate the awards of damages and direct the trial court to enter a revised final judgment awarding appel-lees nominal damages and amending paragraphs 14(f) and 16 as outlined in this opinion. Otherwise, we affirm.
CAMPBELL and SCHOONOVER, JJ., concur.

. Appellee Trent’s Easement Assignment and Agreement differs slightly, stating "so long as said airport runway license granted by the State of Florida for a bona fide airport, is maintained by the owners and operators thereof."