H. E. PLOOF MACHINERY COMPANY AND STATE BANK OF FLORIDA, *Appellants*, v. FOURTH NATIONAL BANK OF FLORIDA AND OTHERS, *Appellees*.

Opinion Filed January 27, 1914.

Under the Statutes of Florida, the lien of a levy upon the shares of stock in a corporation is not superior to a bona fide pledge of the stock by delivery of the certificate to the pledges before the judgment was obtained.

Appealed from Circuit Court for Duval County; George Couper Gibbs, Judge.

Decree reversed.

*J. C. Cooper & Son, E. J. L'Engle* and *P. L. Gaskins,* for Appellants;

*Kay & Doggett,* and *Marks, Marks & Holt,* for Appellees.

Cockrell, J.—This is an appeal from a final decree adjudging the respective priorities as between the pledgee of stock of judgment creditors, who secured their judgments after the stock had been pledged in good faith and for value, but levied under the statute upon the stock, before the holder of the certificate of stock so pledged, had had the pledge registered on the stock book.

In the view we take of the case, it is not necessary to determine whether the alleged delay by the sheriff in making proper entry or return upon the writs in his hand avoided the levy.

Our statute after declaring that stock in any Florida corporation shall be subject to levy, and providing the forms under which the levy shall be made, further declares that from the time of the levy "all the shares owned by the said debtor in such corporation, no matter how the description of it may be thereafter ascertained, shall be bound thereby, and no transfer of the same not then entered upon the transfer book of the said corporation shall be valid and effectual as against the levy of the said process. And if any person shall antedate or procure to be antedated any entry upon the books of said corporation for the purpose of avoiding the effect of the said levy, he shall be guilty of a misdemeanor, and shall, upon conviction, be fined not less than one hundred dollars or imprisoned in the county jail not less than ten days." Sec. 1647 Gen. Stats. of 1906.

Section 1648 provides the method of the sheriff's sale, and that his bill of sale "shall vest in the purchaser all the title of the judgment debtor ,and upon the presentation of such bill of sale to the secretary or other officer

controlling the transfer books of such corporation, it shall be his duty to transfer the said stock from the judgment debtor to the purchaser."

We have no statute opening the stock book of a corporation to the public, or to prospective purchasers or pledgees of stock, that privilege being accorded only to a stockholder (Sec. 2568 Gen. Stats of 1906), and further leaves it to the corporation to prescribe in its by-laws how its stock shall be transferable, provided previous assessments thereon shall have been paid. For the purpose of taxation only, the officers of a corporation are required to make annual return to the State Comptroller the names and residence of the stockholders.

Section 1647 quoted above makes actual ownership by the judgment debtor at the time of the levy the test, and not the apparent ownership as disclosed by the stock book, and as the statute may subject one man's property to another's debt, there should be reasonable certainty from the language used that such was the legislative intent. See Dillon v. Mizell Live Stock Co., decided last term. The statute clearly denounces an attempt by a fraudulent change upon the books to make it appear that a transfer subsequently in point of time to the levy, had been made prior to the levy.

It is true the statute says that "no transfer of the same not then entered upon the transfer book of the said corporation shall be valid and effective as against the levy of the said process." The transfer of what? Not such stock as shall stand in the name of the judgment debtor, but the transfer of stock then owned by him. Unlike our registry laws affecting real property, declaring that certain conveyances shall be ineffectual as to creditors or subsequent purchasers for value and without notice, unless recorded in the public records, the statute now

under consideration is not confined to the innocent judg-ment creditor and properly so if our construction be correct that the statute looks only to future change of ownership, and is not intended to cover an accidental omission to have an entry made on a private record, in charge of a private individual, over whom the party requiring the entry has but a precarious control.

If the legislature intends such results, let it speak in less ambiguous language.

Little light can be gained from an attempt to count the number of cases in other jurisdictions, construing their respective statutes. Those who care to pursue the subject may find an extensive discussion and examination of the cases in 2 Cook on Corporations, sections 486 *et seq.*

We think the sounder rule is the holding that, in the absence of a clearer expression of the legislative will, the pledgee of the stock in manual possession of the certificate has an equity superior to the lien of a subsequent judgment creditor.

The Circuit Court having acted upon the opposing theory, its decree is reversed, with directions to proceed according to the views here expressed.

So ordered.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHIT-FIELD, J. J., concur.