Alta-Cliff Co. v. H. J. Spurway, as Receiver of City National Bank of Miami, *et al.*

152 So. 731.
Division A.
Opinion Filed November 28, 1933.
Petition for Rehearing Denied March 1, 1934.

George Edward Holt, for Appellant;

Hudson & Cason, Pierce & Enwall, Sydney L. Weintraub and Ben C. Willard, for Appellees.

Terrell, J.—October 8, 1932, by reason of a deficiency decree in a foreclosure proceeding, appellant secured a money judgment against S. M. Tatum, individually, and S. M. Tatum, Inc. October 28, 1932, an execution was delivered to the Sheriff of Dade County, who, on November 28, 1932, with a view to satisfying said judgment, made demand on Belcher Oil Company and Orange State Oil Company, Florida corporations, for a written statement of the number of shares of stock held in said corporations by appellees, S. M. Tatum and S. M. Tatum, Inc. This demand was made under Section 2848, Revised General Statutes of 1920, Section 4535, Compiled General Laws of 1927, and discloses that 2424 shares of the stock of Orange

State Oil Company of the par value of $25.00, and 1,000 shares of the capital stock of Belcher Oil Company of the par value of $50.00 were owned by S. M. Tatum, Inc. Thereafter the sheriff advertised said stock to be sold at public auction, February 6, 1933, as provided by Section 2852, Revised General Statutes of 1920, Section 4539, Compiled General Laws of 1927.

On February 4, 1933, two days prior to the said sale, the appellee, H. J. Spurway, as receiver of the City National Bank of Miami, filed his bill of complaint to restrain the sheriff from making said sale. On February 6, 1933, a temporary restraining order was granted which on final hearing was made permanent and perpetually restrained the appellant from making the sale or from asserting any claim, right, or control over the shares of stock as thus described. The instant appeal is from that final decree.

We are called on to review the judgment below and thereby determine whether the appellant or the appellee, under the state of facts disclosed, held the superior right to the said shares of stock in Belcher Oil Company and Orange State Oil Company so advertised for sale.

Sufficient has been said as to the source of appellant's claim of title in said stock. As to the appellee's claim therein it appears that on September 17, 1930, S. M. Tatum executed his note to City National Bank of Miami for the sum of $25,000.00 and attached thereto as security the stock in question, the said stock having been endorsed in blank by S. M. Tatum, Inc. The note was due December 20, 1930, at which time neither the note nor any interest thereon had been paid, nor had action been brought to enforce payment thereon. The bank later failed, and appellee, Spurway, took title to the note and stock as receiver of the bank. Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. Rep.

148, 36 L. Ed. 1059. In March, 1931, the Comptroller of the Currency made a 100 per cent assessment against all outstanding stock of the bank and on March 6, 1931, in consideration of the receiver's forebearance to sue, S. M. Tatum, Inc., owning certain shares of stock therein, further agreed to pledge the stock on which this suit arises against its liability for its stock assesment. The note provided for notice by mail before sale of the collateral attached thereto as authorized by Section 6931, Compiled General Laws of 1927. Such a notice was given November 23, 1932, the sale took place December 7, 1932, and the proceeds were applied to the payment of the $25,000.00 note with interest and the payment of the stock assessment against S. M. Tatum, Inc. In December, 1932, Spurway demanded that the proper transfer of the stock in question be made on the books of the Belcher Oil Company and the Orange State Oil Company but this request was refused.

It is conceded by both parties hereto that Ploof Machinery Co. v. Fourth National Bank of Florida, 67 Fla. 36, 64 So. 360, rules the question raised in this case but appellant contends that the rule there announced was erroneous, that the reason for it has ceased, and that consequently it should now be overruled.

Sections 2847 to 2852, Revised General Statutes of 1920, Sections 4534 to 4539, Compiled General Laws of 1927, under which appellant proceeded, subject the stock in a corporation to the payment of the debts of the owner of such stock. By the terms of Section 4538, Compiled General Laws, *supra*, it is provided that the lien of the judgment creditor against such stock takes place as of the date of the levy of the process as provided in Section 4534, Compiled General Laws of 1927. It further provides that no transfer of said stock not then entered on the books of

the corporation shall be effectual as against the levy of such process.

The levy of appellant's process against the stock of appellee was made November 18, 1932, but the stock had been pledged to the City National Bank September 17, 1930, more than two years previous. The law does not require the bank or other pledgee of such stock to record its pledge and the statute of limitations had not run against the collection of the note to which the stock was attached. There is no showing whatever that the claim or demand on which appellant's judgment was predicated looked to the Tatum stock as even a remote source of payment. We have searched the record diligently and find no reason to overrule our holding in Ploof Machinery Co. v. Fourth National Bank of Florida.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Brown and Buford, J. J., concur.

### On Petition for Rehearing.

Terrell, J.—The opinion in this cause filed November 28, 1933, is predicated on H. E. Ploof Machinery Co., et al., v. Fourth National Bank of Florida, et al., 67 Fla. 36, 64 So. 360.

The petition for rehearing, filed December 7, 1933, contends that the H. E. Ploof Machinery Company case should be overruled and admits that the petitioner cannot prevail unless that opinion is overruled.

We have examined the petition for rehearing with supporting brief and argument of counsel and upon reconsideration of the controversy our conclusion is that under the showing presented we are not warranted in overruling the Ploof Machinery Company case. It was decided in 1914 and has, therefore, been the law of the case for twenty

years, during which time the Legislature has not seen fit to change or modify it. It has now become a rule of property which should not be disturbed.

The previous judgment of the Court is, therefore, reaffirmed and the rehearing denied.

Affirmed on rehearing.

DAVIS, C. J., and WHITFIELD, ELLIS and BROWN, J. J., concur.

BUFORD, J., dissents.

BUFORD, J. (dissenting).—The decree in this case is affirmed upon authority of the case of Ploof Machinery Co., et al., v. Fourth National Bank of Florida, et al., 67 Fla. 36, 64 So. 360.

It appears to me that the enunciations of the opinion in that case are directly contradictory to the provisions of Chapter 2851, R. G. S., 4538, C. G. L.

It further appears to me that the Court in rendering the opinion in the Ploof Machinery Company case directly disregarded the statute, which it had no right to do, and I think that this error now being apparent should be correlated by overruling what was said in that case and rendering an opinion which would conform to the statutes which have been duly enacted for the purpose of governing such matters.

For the reasons stated, I dissent to the opinion this date filed reaffirming the original opinion.