TERRELL, Justice.
Two returns to as many writs of habeas corpus based on contempt are involved-in this litigation. The first order of contempt was entered July 12, 1954, for violating an injunctive order dated March 4, 1953. On . the following day, July 13, writ of habeas corpus was issued by this Court on petition of Art Lewis, who was released on $2,500 bond. July 14, 1954 the Circuit Court entered a second order of commitment for Art Lewis, notwithstanding this Court’s order of July 13, under which he was at liberty on bond. On account of the second commitment Art Lewis again applied to this Court for writ of habeas corpus and was released July 17, 1954 in custody of his attorney. Returns to both writs were heard July 26, 1954.
It appears that the partial summary final decree dated December 17, 1952, affirmed in, Lewis v. Lewis, Fla., 73 So.2d 72, dissolved the injunction in the cause. It also appears that the lower court’s injunction involved in Lewis v. Lewis, Fla., 66 So.2d 260, was not entered until March 4, 1953, fifty-six days after Art Lewis pledged his stock to Frank Miller to secure future advances, and that under Section 697.04, F.S.A. that pledge was effective to the same extent as if “such future advances were ■made on the date of the execution” of the *762 receipt dated January 7, 1953. The record is insufficient to establish that a valid pledge was executed at any time other than on January 7, 1953. This being true, the pledge of the stock certificate was in no way affected by the order of March 4, 1953, because the pledge was effective as of January 7, 1953. H. E. Ploof Machinery Co. v. Fourth Nat. Bank of Florida, 67 Fla. 36, 64 So. 360, and Alta-Cliff Co. v. Spurway, 113 Fla. 633, 152 So. 731. If there was no injunctive order in effect at the time Lewis pledged his stock on January 7, 1953, how could he have been said to have wilfully violated one? The subsequent exchange by the pledgor, Miller, of the one certificate for five certificates, representing the same number of shares, was not in violation of the pledge contract and cannot under the circumstances be considered contempt by the petitioner.
In this connection much is said in briefs about the distinction between civil and criminal contempt, about which there appears to have been considerable misunderstanding. That distinction is defined in Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529, and in Dangel on Contempt, pages 5, 6, 76 and 77. We do not consider it necessary to discuss that question at this time except tó say that the alleged contempt involved in this case was civil in nature.
For the reasons thus stated, the first commitment for contempt was illegal and void. The second commitment, of July 14, 1954, was illegal and void because the jurisdiction of' the court below ovér the person of petitioner was suspended by virtue of the habeas corpus and bond issued by this Court July 17, 1954. Farish v. Smoot, Fla., 58 So.2d 534.
From this it follows that both commitments were illegal and void so the petitioner must be and is hereby discharged.
It is so ordered.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.