TERRELL, Justice.
This case has shuttled back and forth to this Court so often that it begins to look as if it were a travesty on our system of administering justice. Two appeals from orders in contempt have been generated. The Circuit Court of Dade County adjudicated Art Lewis guilty of civil and criminal contempt, committed him to jail and ordered him to pay as a penalty all costs and certain attorney’s fees. From said judgment he appealed to this Court and petitioned for habeas corpus. The writ was *712 granted and the petitioner was discharged. Lewis v. Kelly, Fla., 75 So.2d 761.
On authority of the last cited case, Lewis now moves to “reverse order appealed from upon authority of Art Lewis, Petitioner, v. Kelly, Respondent.” Said motion charges that under Lewis v. Kelly, supra, the commitment imposed was illegal and void. Prior to the Court’s decision in Lewis v. Kelly, filed September 24, 1954, appellee moved to dismiss the appeal on the ground that the contempt .order could be. adjudicated only by habeas corpus. In view of the situation presented by the motion to dismiss, the disposition of the habeas corpus proceedings and the accounting ordered by the trial court but not disturbed in Lewis v. Lewis, Fla., 73 So.2d 72, we have reached the conclusion that no good purpose can be served by persevering in this appeal. See also Lewis v. Lewis, Fla. 66 So.2d 260, Lewis v. Lewis, supra, and. Lewis v. Kelly, supra, when other phases of the case were brought in focus.
Appeals under Section 924.11, F.S., F.S.A., are proper where the con-temnor was ordered to pay a fine, Pennekamp v. Circuit Court of Eleventh Judicial Circuit in and for Dade County, 155 Fla. 589, 21 So.2d 41. Whether the contempt is civil or criminal is not material. Certiorari will not answer the purpose if there is any other adequate remedy, Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541. See also Petition of Campbell, Fla., 72 So.2d 59. If the contemnor be imprisoned, review by habeas corpus may be secured, the sole inquiry being the legality of the imprisonment, but in such case the remedy will not be employed as substitute for an appeal. Sneed v. Mayo, Fla., 66 So.2d 865; Cooper v. Sinclair, Fla., 66 So.2d 702; State ex rel. McClure v. Sullivan, Fla., 43 So.2d 438; Henderson v. Coleman, 150 Fla. 185, 7 So.2d 117; Dangel on Contempt, Section 681. We express no opinion as to whether or not a contempt order imposing a penalty may be appealable under Section 59.03, F.S., F.S.A.
In this case the civil and criminal contempt orders were based on the same act or series of acts. The contemnor was ordered to pay certain costs and fees as a penalty and committed to jail. This Court on habeas corpus held the orders of committal to be illegal and ordered petitioner discharged. In this state of the record it follows that the imposition of the penalty of costs and attorney’s fees would take the same course. Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 501, 55 L.Ed. 797; Dangel on Contempt, Section 703, Note 84.
There has been no ruling by the Circuit Court as to whether or not the transfer to Frank Miller by Art Lewis of his certificates of stock in the 100-21st Street Realty Corporation as security for future advances, was fraudulent, subject to being set aside in equity. It is also not clear whether or not the trial court has jurisdiction of Frank Miller, so neither matter recited in this paragraph can be said to be involved in this appeal.
In this state of the record the motion to dismiss was proper and is granted.
It is so ordered.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.