STURGIS, Judge.
This is the second appeal involving the same factual background.
On the first appeal (Local Lodge Number 1248, etc. v. St. Regis Paper Co., Fla.App., 125 So.2d 337) we held that the judgment appealed, by which the appellant, including a substantial number of the mem *31 bers of the labor union, were found in contempt and ordered to pay a money penalty, in the alternative to be imprisoned for thirty-six hours, was for a criminal contempt and reviewable only by the procedure governing appeals in criminal cases, as provided by Part 6 of the Florida Appellate Rules, 31 F.S.A. The acts resulting in the order adjudging appellants guilty of contempt are said to consist of their violation of a temporary restraining order that issued at the instance of the St. Regis Paper Company, plaintiff below, in a suit for injunctive relief. The plaintiff initiated the steps in the civil action resulting in the contempt judgment.
Upon holding that the judgment was reviewable only by the procedure provided for criminal cases, we then struck all assignments of error on the former appeal raising the question of whether the appellants were lawfully adjudged to be in contempt and struck that part of appellants’ brief relating to that subject; and we also undertook to partially dismiss the appeal, that is to say: we held that it was dismissed to the extent that it sought to review that phase of the order appealed which dealt with the judgment of contempt.
Agreeable to our former holding, the same appellants brought the present appeal in conformity with Part 6 of the Florida Appellate Rules. Notice of appeal was served on the proper state official and also on the appellee on the former appeal. The attorneys of record for the paper company then requested and were granted leave to file in this appeal a brief as amici curiae and to participate in all further proceedings, including arguments. They have acted accordingly.
We are now confronted with a motion of the State, acting through the Attorney General, to dismiss this appeal on the ground that the contempt judgment here involved is not reviewable under Part 6 of the Florida Appellate Rules. At this juncture it is well to note that the State was not a party to the civil action incident to which the order appealed was entered, nor did it participate in any proceedings prior to this appeal. Hence it cannot be said that our former decision had any binding effect upon the State or its interest, if any, in the judgment of contempt under review. Our former decision, however, has become final and the law of this case is settled thereby insofar as it affects the rights of the immediate parties to the civil action and this appeal from the order in question.
Upon further consideration we have concluded that our action on the former appeal was incorrect in two particulars:
First. We erred in concluding that the order in question involved a criminal contempt. The judgment of contempt here involved was primarily civil in nature, that is to say: its primary purpose was to redress a violation of the remedial part of a temporary restraining order that was entered to secure rights of the appellee paper company. As such, it is distinguishable from those contempt judgments having the primary purpose of protecting the court and its dignity; and this is not altered by the fact that a fine was imposed to be paid into the fine and forfeiture fund of the county in which the civil action is pending, in default of which the contemnors were to be imprisoned for a period of thirty-six hours; and it follows, in line with the hereinafter cited authorities, that the subject judgment of contempt was reviewable by an appeal conducted in accordance with that part of the rules of appellate procedure governing civil cases.
Second. We were technically incorrect in undertaking to partially dismiss the former appeal. An appeal is either pending or not, as the case may be. The purpose we had in mind was accomplished by striking the above-mentioned assignments of error and related parts of appellants’ brief.
*32 The law of this case as established by our former decision compels denial of the State’s motion to dismiss this appeal. We recognize, however, that our former decision assumes unusual importance because it appears to bring into play the provisions of F.S. 16.01, F.S.A. which, inter alia, casts on the Attorney General the official duty to “appear in and attend to in behalf of the state, all suits or prosecutions, civil or criminal, or in equity, in which the state may be a party, or in anywise interested, * * * ” It is apparent that if the judgment of contempt here involved is one in which 'the State has an interest, in the sense contemplated by the statute, the State is a necessary party to a proceeding of the nature in which the judgment of contempt herein involved was entered and the Attorney General will be well advised to perform his official duties under all similar situations by actively participating in the proceedings, at both the appellate and trial levels. We do not think this was the legislative intent or that the statute should be so construed. We have found no Florida authority holding that the State is either a necessary or proper party to a contempt proceeding arising solely out of the failure of the contemnor to obey an order entered in a civil action primarily to protect private rights of a litigant.
In our former decision we relied on Lewis v. Lewis, Fla.1955, 78 So.2d 711, and Pennekamp v. Circuit Court, etc., 155 Fla. 589, 21 So.2d 41, as authority for our holding, from which we now recede, that the judgment of contempt here involved was reviewable only by the method provided for review of criminal cases. Re-examination of these authorities reflects that such is not their import; rather, that they go no further than to hold, first, that there is a very real distinction between civil and criminal contempt directly bearing on the method of review, and secondly, that judgments of contempt rendered in strictly criminal contempt proceedings are reviewable by a proceeding in habeas corpus or by the procedure provided for review of criminal cases under Part 6 of the Florida Appellate Rules. Applying the rationale of these cases to the case on review, the judgment of contempt here involved clearly falls within the category of civil contempts and as such is reviewable by the procedure provided for appeals in civil actions.
The above cited Lewis case (78 So.2d 711) was one of a series of appeals involving the same parties and generally related subject matter. The cited case was a civil appeal designed to review an order of contempt entered in a civil action. Lewis, the appellant contemnor, by a separate proceeding petitioned the Florida Supreme Court for a writ of habeas corpus to test his detention under the judgment of contempt. The writ was granted and pursuant to the return thereto the petitioner, Lewis, was discharged. See Lewis v. Kelly, Fla., 75 So.2d 761. At that time the civil appeal was pending on motion of the appellee to dismiss the appeal on the ground that the contempt order could be adjudicated only by habeas corpus. Following the decision in the habeas corpus proceeding, Lewis, the appellant in the civil appeal, filed a motion to “reverse the order appealed,” based on the result in the habeas corpus proceeding. Holding that no good purpose could be served by persevering in the civil appeal, it was dismissed. Speaking through Terrell, J., the court said:
“Appeals under Section 924.11, F.S., F.S.A. [relating to criminal appeals] are proper where the contemnor was ordered to pay a fine, Pennekamp v. Circuit Court of Eleventh Judicial Circuit in and for Dade County, 155 Fla. 589, 21 So.2d 41. Whether the contempt is civil or criminal is not material * * * If the contemnor be imprisoned, review by habeas corpus may be secured, the sole inquiry being the legality of the imprisonment, but in such case the remedy will not be employed as substitute for an appeal. Sneed v. Mayo, Fla., 66 So.2d 865; Cooper v. Sinclair, Fla., 66 So.2d 702; *33 State ex rel. McClure v. Sullivan, Fla., 43 So.2d 438; Henderson v. Coleman, 150 Fla. 185, 7 So.2d 117; Dangel on Contempt, Section 681. We express no opinion as to whether or not a contempt order imposing a penalty may he appealable under Section 59.03, F.S., F.S.A.” (Emphasis supplied.) [78 So.2d 712]
Section 59.03, Florida Statutes, F.S.A. cited in the above quotation, relates to appeals from rules or summary orders of court in the nature of contempt judgments or decrees imposing judgment for payment of money. Chapter 59, Florida Statutes, F.S. A., deals exclusively with appellate proceedings in civil actions. Thus it is seen that the Supreme Court carefully avoided the promulgation of a rule fixing an exclusive method for review of judgments of contempt.
The Pennekamp case, supra, was strictly a proceeding in criminal contempt for acts committed outside the view of the court, independent of any civil proceeding, and was initiated by public officials solely to vindicate the court’s authority and maintain its dignity.
The proceeding for contempt involved on this appeal was initiated by the party whose rights were allegedly invaded by the alleged contemptuous acts, and the penalty imposed was primarily in furtherance of those rights. This is so despite the fact that the judgment of contempt provides no direct relief to the paper company, for it is not thereby precluded from the prosecution of any claim for damages sustained as a result of the contemptuous acts.
The Florida courts have not announced and the rules of appelate procedure do not provide a clear guide to the procedure that should be followed for review of judgments of contempt. The Attorney General persuasively argues that the only uniformity found in the decisions on that subject is that review will be granted without special regard to the method of procedure adopted. This uncertainty doubtless stems from the modern disposition of the courts, in matters of procedure, to eschew technicalities in favor of the enhancement of fundamental rights.
The landmark case of Gompers v. Buck’s Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874, contains a classic analysis of the general subject of contempts. In that case the contempt order, like the one here involved, was entered as an incident to a civil action in which an injunction had been entered restraining the contemnors from performing certain acts, but the contempt proceedings were initiated by a separate proceeding filed after the appeal was taken. Unlike the case on review, however, in Gompers the parties to the civil action settled the civil action prior to the decision of the court. The judgment appealed was held to impose a sentence for criminal contempt, and it was also held that the appeal necessarily ended with the settlement of the main cause of which it is a part. Thereupon the contempt judgment was reversed and the cause remanded with directions to dismiss the contempt proceedings, but without prejudice to the power of the court in a proper separate proceeding to punish the contempt, if any, committed against it. As a generalization, it may be said that the courts have the power to punish for contempt of court inherent in a failure to comply with an order primarily designed to protect the rights of a litigant in a civil action.
In Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 667, 48 L.Ed. 997, quoted with approval in Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 1931, 101 Fla. 468, 134 So. 529, 532, the United States Supreme Court said:
“Manifestly, if one inside of a court •room disturbs the order of proceedings, or is guilty of personal misconduct in the presence of the court, such action may properly be regarded as a contempt of court; yet it is not misconduct in which any individual suitor *34 is specially interested. It is more like an ordinary crime which affects the public at large, and the criminal nature of the act is the dominant feature. On the other hand, if, in the progress of a suit, a party is ordered by the court to abstain from some action which is injurious to the rights of the adverse party, and he disobeys that order, he may also be guilty of contempt, but the personal injury to the party in whose favor the court has made the order gives a remedial character to the contempt proceeding. The punishment is to secure to the adverse party the .right which the court has awarded to him. He is the one primarily interested, and if it should turn out, on appeal from the final decree in the case, that the original order was erroneous, there would, in most cases, be great propriety of setting aside the punishment which was imposed for disobeying an order to which the adverse party was not entitled. It may not be always easy to classify a particular act as belonging to either one of these two classes. It may partake of the characteristics of both. A significant and generally determinative feature is that the act is by one party to a suit in disobedience of a special order made in behalf of the other. Yet sometimes the disobedience may be of such a character and in such a manner as to indicate a contempt of the court rather than a disregard of the rights of the adverse party/' (Emphasis supplied.)
A contempt proceeding is sui generis, it is neither civil nor criminal, but may. partake of either in its nature. By reason of their two-fold nature, proceedings in contempt are considered anomalous — that is, they possess characteristics which render them more or less difficult of ready or definite classification in the realm of judicial power. See Annotation 52 A.L.R. 1291. In many jurisdictions the right of review has been gradually extended by express statute or judicial construction, until now, generally, a judgment in contempt for the violation of an injunction can be reviewed either by an appeal or a writ of error, especially where the particular violation is regarded as a civil or remedial contempt. 28 A.L.R. 50 et seq. note. Thus in Vicksburg, S. & P. R. Co. v. Webster Sand, Gravel & Const. Co., 132 La. 1051, 62 So. 140, 47 L.R.A.,N.S., 1155, it is held that whether a person should be compelled by coercive or punitive measures to obey the writ issued by a competent court for the preservation of a civil right asserted by the plaintiff is a question which concerns the plaintiff, and that the action of the trial court on that question is subject to review on appeal.
The practice in contempt proceedings is not regulated by statute in Florida as in the Federal courts. It is regulated by the State courts and, as observed in Pennekamp et al. v. State, 156 Fla. 227, 22 So.2d 875, 881, the result has been “so satisfactory that the tendency of the Legislature has been to extend rather than limit the power of the courts.” While this is recognized to be a salutary concept in furtherance of the separate and distinct powers of the judicial and legislative branches of government, the absence of definitive case law or a rule of procedure governing appeals in such cases has permitted the practice to grow topsy-turvy. Consequently, there is no well-established guide for appellate procedure to be followed. We do not presume by this observation to excuse the error of our holding on the former appeal in this case, but only to lay the predicate for an attempt to set the course for such proceedings in the future. Fortunately there exists a very practical method by which to distinguish between final judgments for contempt that by their nature should be appealed in accordance with that part of the Florida Appellate Rules governing appeals in civil cases (contempts that are primarily civil in nature) and those which, because they are primarily criminal in nature, should be appealed in accordance with the *35 procedure provided for criminal cases. With that in mind, we announce that this court will hereafter adhere to the following rule:
If the final judgment for contempt is entered as an incident to, and at the instance of a party to, a civil action and for violation of an order entered therein for the protection of rights asserted by such party, the judgment shall be appealable in accordance with the rules of appellate procedure governing the civil action. The State is not a necessary party to such proceedings, nor will it be deemed to have an interest therein of the character requiring participation by the Attorney General under F.S. 16.01, F.S.A.; provided, that the State may of its own volition participate in such proceedings. If, however, the final judgment for contempt sought to be appealed is entered in a proceeding initiated independent of any civil action and solely for the purpose of vindicating the authority and dignity of the court, the procedure shall be that provided for appeal of judgments in criminal cases. To the extent indicated, we recede from our mentioned former decision.
Because the law of this case was settled by our former decision, the motion to dismiss this appeal must be and it is hereby denied.
CARROLL, DONALD K., J., concurs.
WIGGINTON, C, J., dissents.