645 So.2d 585 (1994)
JERRY T. SMITH, APPELLANT,
v.
FRANK GRIFFIN VOLKSWAGEN INC., a corporation; and Volkswagen of America, Inc., a corporation, Appellees.
No. 93-2902.
District Court of Appeal of Florida, First District.
November 22, 1994.
William H. Folsom, Jr., Jacksonville, for appellant.
J. Michael Lindell, Hayes & Lindell, P.A., Jacksonville, for Frank Griffin Volkswagen, Inc.
W. Alan Winter, Jacksonville, for Volkswagen of America, Inc.
ERVIN, Judge.
This is an appeal from certain orders  following this court's remand in an earlier appeal[1]  which denied appellant's motions for further election of remedies and relief from judgment. We reverse and remand with directions that appellant, Jerry T. Smith, be given the right to elect further remedies against appellees, Frank Griffin Volkswagen (Griffin) and Volkswagen of America (Volkswagen).
In the former case, Smith filed a multi-count complaint against Griffin and Volkswagen arising from his purchase of an alleged defective Volkswagen automobile. Following trial, verdicts were returned finding Volkswagen liable to Smith for breach of an implied warranty of merchantability, breach of its obligations under the lemon law and violation of the Magnuson-Moss Act, and damages were assessed as to each of the above claims in the amount of $24,807.76.[2] Additionally, Griffin was found liable to Smith on the counts alleging deceptive trade practice and revocation of acceptance of the automobile, and damages were imposed in *586 the sums of $3,771.34 and $24,807.76, as to each claim, respectively.
Before the entry of the final judgment, Smith filed his election of remedy, opting to proceed against Griffin solely on the revocation of acceptance claim, rather than seeking damages under the contract.[3] The amended final judgment entered on April 19, 1990 was therefore based on this election, and it directed Griffin to pay Smith $42,939.94, which included Smith's damages, prejudgment interest, attorney's fees and costs. The court further ordered Smith to take nothing by his action against Volkswagen, and dismissed Volkswagen as a party.
Both Griffin and Smith appealed; Volkswagen was not a party to the appeal. This court in Griffin I affirmed all issues,[4] except Griffin's point challenging the denial of its motion for directed verdict on the revocation of acceptance claim. We decided as to it that because Griffin had disclaimed all warranties, there could be no breach of an obligation which made the automobile nonconforming to the sales contract, and, because there was no nonconformity, Smith had no right to revoke acceptance. Consequently, we reversed that portion of the judgment awarding damages on the revocation of acceptance claim, and remanded the case with directions for the trial court to enter a final judgment in accordance with the decision. While the case was still pending before this court, Smith filed a motion requesting clarification of his right to make a further election on remand, which was denied, and mandate thereafter issued.
Following remand to the trial court, Smith moved for a further election of remedy, arguing that he should be permitted to proceed against Griffin on the deceptive trade practices award, for which he had prevailed on appeal, and against Volkswagen on one or more of the claims for which he had recovered verdicts, citing Article V, section 2(a) of the Florida Constitution, which provides that "no cause shall be dismissed because an improper remedy has been sought." He also moved for relief from judgment under Florida Rule of Civil Procedure 1.540(b)(5), urging that it was no longer equitable to enforce the judgment as to Volkswagen. The lower court denied both motions, granted Volkswagen's motion to strike Smith's motion for further election and entered an amended final judgment, directing that Smith take nothing by the action. It is from this judgment that Smith now appeals.
Smith argues that because our decision in Griffin I precluded him from making a further election of remedy against Griffin following remand, this court, pursuant to the mandate in Article V, section 2(a) of the Florida Constitution, should revisit the law of the case and allow him to make a further election of remedy against Griffin. Additionally, he argues that the above constitutional provision conferred continuing jurisdiction over Volkswagen, thereby permitting the court to set aside the final judgment as to Volkswagen and allow Smith to make an election against it.
We do not agree with Smith that this court's decision in Griffin I established the law of the case so as to preclude him from seeking a further election against Griffin. We have carefully reviewed the majority's opinion in Griffin I and find nothing contained therein which barred Smith from thereafter making a second election. That portion of our decision which reversed the judgment affected only the revocation of acceptance claim and directed that a final judgment be entered in accordance with our opinion. No issue was raised in either the appeal or cross appeal regarding Smith's right to elect further if any of the issues Griffin urged were decided adversely to Smith. As was observed in S/D Enterprises, Inc. v. Chase Manhattan Bank, 375 So.2d 1109, 1111 (Fla. 3d DCA 1979):
A prior judgment of reversal is not necessarily an adjudication by the appellate court of any points other than the questions *587 in terms discussed and decided, but if, however, a particular holding is implicit in the decision rendered, it is no longer open for consideration.
Nor do we consider that this court's order denying Smith's motion for clarification, without any elaboration, precluded his right to seek an additional election after remand, because, in addition to the order not being essential to the decision of the court, it can just as easily be interpreted as meaning that the motion was unnecessary in that the opinion did not foreclose a further election. Consequently, we conclude that our decision in Griffin I did not bar Smith from making an additional election against Griffin as to the deceptive trade practices claim, on which he recovered a verdict, and we reverse the trial court's order denying Smith's right to do so.
Turning to Smith's second point, the denial of his motion for relief from judgment as to Volkswagen, we also decide that the trial court abused its discretion in refusing to grant the same. In so concluding, we note that if Smith had filed only a motion for allowance of further election of remedy against Volkswagen, our decision would be more difficult. As previously observed, neither the appeal nor cross appeal in Griffin I raised any issue as to that portion of the judgment which dismissed Volkswagen as a party to the action after Smith elected a remedy against Griffin. In actions in personam, the general rule is that an appellate decision concludes only those parties whose rights were determined by the prior appeal, but the decision is not conclusive as to persons not parties to an appeal whose rights are not decided. In re Local Lodge No. 1248 of Int'l Ass'n of Machinists, 131 So.2d 29, 31 (Fla. 1st DCA 1961), cert. denied, 138 So.2d 333 (Fla. 1962). Thus, if the above authority is applicable to the instant case, we would be required to conclude that as the judgment was reversed only insofar as it affected Smith's right to recover damages on his revocation of acceptance claim, the portion of the judgment which was unaffected by this court's reversal remained final and binding, i.e., that Smith take nothing by his action against Volkswagen. Thus, Smith's right to make further election against Volkswagen would be barred.
Nevertheless, we are not asked to decide only whether the lower court erred in denying Smith's right to seek further election of remedy against Volkswagen, because Smith also moved for relief from judgment under Florida Rule of Civil Procedure 1.540(b). That rule permits relief when, inter alia, the "prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application."[5] Thus, if Smith's remedy of further election were barred by the finality of that portion of the judgment dismissing Volkswagen as a party, rule 1.540(b) could nonetheless empower the trial court to relieve Smith from the effect of its finality. As explained in Miller v. Fortune Insurance Co., 484 So.2d 1221, 1223 (Fla. 1986),
A trial judge is deprived of jurisdiction, not by the manner in which the proceeding is terminated, but by the sheer finality of the act, whether judgment, decree, order or stipulation, which concludes litigation. Once the litigation is terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.

(Emphasis added.)
Our task, then, is to determine whether rule 1.540(b) should be applied to release Smith from the bar of that portion of the former judgment which was unaffected by this court's reversal in Griffin I. We conclude that the rule is applicable because, in our opinion, it is no longer equitable that the judgment should continue to have prospective application. As stated, this court determined that Smith's election of revocation of acceptance against Griffin was ineffective. Yet, despite Smith's attempt to make further *588 election after remand, he was not permitted to do so, although he had recovered verdicts against both Griffin and Volkswagen under theories of relief which this court's decision in Griffin I did not affect. The denial of such remedy, in our judgment, is clearly contrary to the intent of the rule and represents an abuse of judicial discretion.
As explained in Cutler Ridge Corp. v. Green Springs, Inc., 249 So.2d 91, 93 (Fla. 3d DCA 1971), "The general purpose of the rule [1.540(b)] is to enable the court to grant relief against an unjust decree, and should be liberally construed to advance such remedy." The Second District Court of Appeal construed the rule in the following manner:
[W]e are further of the view that the equities spoken of in ground No. 5 of the rule are those which come to fruition after a final judgment, not those which would theretofore have been available as defenses to the action. This is so because to say, in the language of the rule, that it is "no longer equitable" that a judgment be given prospective effect is to say that it once was equitable that it have such effect.
Hensel v. Hensel, 276 So.2d 227, 228 (Fla. 2d DCA 1973) (emphasis added).
Considering, then, the liberal purpose of the rule, we conclude that it would be inequitable to enforce that portion of the judgment barring Smith from taking anything by his action against Volkswagen, particularly in view of the fact that the judgment was predicated on Smith's election of a remedy against Griffin, which remedy, following appeal, was discovered to be illusory. As the Florida Supreme Court observed in Perry v. Benson, 94 So.2d 819, 821 (Fla. 1957):
If the remedy sought in the first instance does not exist at the time it was sought, then there is no election of remedies. The parties are not bound unless, at the time of the first suit, there are two remedies then available from which an election may be made. If, in the first instance, plaintiff proceeds upon an assumed remedy which does not exist at the time, and such effort proves abortive, he is not precluded from resorting to another remedy.
Accord Bush v. Palm Beach Imports, Inc., 610 So.2d 68 (Fla. 4th DCA 1992); Rolf's Marina, Inc. v. Rescue Serv. & Repair, Inc., 398 So.2d 842 (Fla. 3d DCA 1981).
Therefore, we reverse the orders denying Smith's motions to elect a further remedy against Griffin and for relief from judgment against Volkswagen, and the final judgment declaring that Smith take nothing by his action, and remand the case with directions that the remaining verdicts on the counts which Smith recovered against Griffin and Volkswagen, unaffected by this court's decision in Griffin I (counts I, III, IV and VI), be reinstated, and that Smith shall be given the opportunity to make a further election among one or more of the remaining remedies, and judgment be entered thereafter. If Smith should elect a combination of more than one of such remedies, the trial court must determine whether any of the same are both coexistent and inconsistent, in that the doctrine of election of remedies only applies under such circumstances.[6]See Barbe v. Villeneuve, 505 So.2d 1331, 1332 (Fla. 1987).
REVERSED and REMANDED for further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Frank Griffin Volkswagen, Inc. v. Smith, 610 So.2d 597 (Fla. 1st DCA 1992), review denied, 620 So.2d 762 (Fla. 1993) (Griffin I).
[2] The damages returned on the lemon law claim were subject to a set-off of $762.60 for mileage.
[3] An election of remedies between inconsistent remedies need only be made before judgment is entered. Parsons v. Motor Homes of Am., Inc., 465 So.2d 1285, 1289 (Fla. 1st DCA 1985) (citing Monco of Orlando, Inc. v. ITT Indus. Credit Corp., 458 So.2d 332 (Fla. 5th DCA 1984)).
[4] One of the issues affirmed was that raised in Griffin's appeal, urging that the trial court erred in denying its motion for directed verdict as to Smith's deceptive trade practice claim.
[5] This ground of relief is not limited, as are grounds in rule 1.540(b)(1), (2) and (3), to being made within one year after the judgment is entered, but may be filed within "a reasonable time" thereafter.
[6] Nothing in this opinion should be understood as barring Volkswagen's right to appeal, if it so desires, from any judgment entered against it pursuant to Smith's further election.