GLICKSTEIN, Judge.
This is a petition for writ of prohibition in which petitioner, heir to an estate, seeks relief from orders denying summary judgment and refusing to bar respondents from proceeding with their petition for revocation of will. Petitioner claims that the probate court is without jurisdiction to proceed with this petition for revocation. We issued an order to show cause, directing the parties to address prohibition jurisdiction as well as the merits. The response and reply have been filed and the matter is now ripe for final determination. We deny the petition.
The decedent here died in 1985. Helen Tarmy was named personal representative and a Notice of Administration was filed and published. On January 15,1986, Bette Winer filed an objection to the validity of the will. On January 23,1986, the personal representative filed a Notice of Extending Time for the Beneficiaries of the Estate to Fjle Objections through February 5, 1986. She filed another such Notice of Extension, this time making the extension through March 5, 1986. On March 6, 1986, Better Winer withdrew her objection to the will without prejudice. On March 6, 1986, the personal representative filed a third Notice of Extension of Time for Objections, this time making the extension through March 2, 1987. On that date, beneficiaries Bette Winer and Diane Rudnick filed their Petition for Revocation of Probate of Will and alleged that the Last Will and Testament of decedent should be revoked due to lack of testamentary capacity, undue influence, and improper execution of the will.
On March 25, 1987, petitioner/relator filed a motion for summary judgment, claiming that the objections to probate, including the petition for revocation, were untimely. The motion was denied. Petitioner filed a motion for rehearing, which again was denied. Petitioner now seeks relief here. The issue is whether the circuit court has jurisdiction to proceed with the respondents’ Petition for Revocation of Will where it was filed within a period of extension permitted by the personal representative, but after the statutory period for filing objections to probate. We conclude that it does.
Petitioner argues that the probate court has no jurisdiction to proceed with respondents’ petition for revocation of will because it was not filed within the initial statutory period provided by section 733.-212(3), Florida Statutes:
Objections under paragraph (l)(b) [including objections to a will] by persons to whom notice was mailed, that are not filed within 3 months following the date of first publication of the notice are forever barred. Claims under paragraph (l)(a) are barred as provided in § 733.702.
There are no cases under this statute which decide the issue of whether this section is a statute of limitations or a nonclaim statute, and this is the basis for the dispute in this case. Petitioner argues that this is a statute of nonclaim such that it cannot be waived and goes to the probate court’s jurisdiction. Respondents argue that it is rather a statute of limitations which can be waived, and they claim that it was waived in this case by virtue of the personal representative’s extension of time for filing objections. We agree with respondents.
In Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla.1986), the Supreme Court of Florida held *473 that section 733.702, Florida Statutes, which requires the filing of claims against an estate within three months of the filing of the notice of administration, is a statute of limitations which can be waived or es-topped, and not a jurisdictional statute of nonclaim. The court held that a valid ground such as fraud or estoppel would excuse untimely claims under that section.
Petitioner tries to distinguish this decision from the present case, correctly pointing out that a different section of the probate code is involved. It is true that Barnett involved the section on filing claims against an estate, and that the present case involves the statute on filing objections to a will. Petitioner goes further to state that a creditor’s claim is a right which existed in common law, unlike the right to object to a will. However, we fail to see why that would make any difference in deciding whether the particular statute is jurisdictional or not. Respondents point out that the right to object to a will is found in the common law just as well as the right to file a claim against an estate. Actions objecting to the validity of a will, say respondents, are the equivalent of actions to revoke probate, which were recognized under common law. See, e.g., State v. Byington, 168 So.2d 164 (Fla. 1st DCA 1964).
The cases from Florida and other jurisdictions cited by petitioner largely involve different sections of this or prior probate statutes, and do not involve issues of waiver, estoppel or fraud.
In this case, the record contains evidence of conduct by the personal representative which gives rise to a claim of estoppel. She filed three consecutive Notices of Extending Time for the Beneficiaries to File Objections to the will in this case. The respondents claims to have relied on these notices as having legal effect. The statutes provide support for respondents’ position, particularly in light of the holding in Barnett as to section 733.702.
WALDEN and STONE, JJ., concur.