PER CURIAM.
Memorial Sloan-Kettering Cancer Center [Sloan-Kettering] appeals from the trial court’s order finding that its Petition for Revocation of Probate of Codicil is barred as untimely pursuant to sections 733.212(l)(b) and (5), Florida Statutes (1995). Sloan-Kettering also appeals from a portion of that same order that found that the appellees are entitled to an award of attorney’s fees against Sloan-Kettering. We affirm, in part, and dismiss a portion of this appeal for lack of jurisdiction.
Section 733.212(3), Florida Statutes (1995), requires the personal representative to serve a copy of the Notice of Administration on certain individuals, including beneficiaries such as Sloan-Kettering “in a manner provided for service of formal notice.” The personal representatives strictly, complied with this requirement when they mailed a certified letter containing the Notice of Administration to Sloan-Kettering and a Sloan-Kettering employee signed a receipt acknowledging that the certified letter was received. Therefore, since Sloan-Kettering did not file its Petition for Revocation of Probate of Codicil within the time period stated in sections 733.212(l)(b) and (5), Florida Statutes (1995), the trial court correctly found that the petition is barred as untimely. Moreover, contrary to the position taken by Sloan-Kettering, we find that In re Estate of Tarmy, 518 So.2d 471 (Fla. 4th DCA 1988), is inapplicable because in the instant case, there are no facts that would give rise to an estoppel claim. Accordingly, we affirm the portion of the order finding that the petition is barred as untimely.
Finally, because the trial court’s order finding that the appellees were entitled to an award of attorney’s fees against the appellant did not fix the amount, we dismiss that portion of the appeal for lack of jurisdiction. Gonzalez Eng’g, Inc. v. Miami Pump & Supply Co., 641 So.2d 474 (Fla. 3d DCA 1994).
*843 Affirmed, in part; appeal dismissed, in part.