ON MOTION TO DISMISS

PER CURIAM.
This cause comes before the court on the motion of Appellee NNN Acquisitions, Inc. (“NNN”), seeldng dismissal of the appeal filed by Appellant Tarik, Inc. (“Tar-ik”). We dismiss the appeal for lack of jurisdiction.
The underlying action arose out of the purported sale of real property to both Tarik and NNN. The trial court granted NNN’s motion for summary judgment on its claim for possession, holding that “there are no genuine issues of material fact in that it is clear that [Tarik] has no legal right to possess the property.” Tar-ik appeals that order, invoking this court’s jurisdiction under Rule 9.130(a)(3)(c)(ii) of the Florida Rules of Appellate Procedure (permitting appeals of orders determining the “right to immediate possession of property”). NNN moves to dismiss the appeal for lack of jurisdiction, claiming that the trial court’s order did not determine Tar-ik’s right to “immediate possession.”
An order granting a motion for summary judgment is a non-appealable order. Rust v. Brown, 13 So.3d 1105, 1107 (Fla. 4th DCA 2009). In real property cases, the trial court’s order on a party’s summary judgment motion does not determine the “immediate right to possession” even though it may resolve the underlying legal issues. Marina Bay Hotel & Club, Inc. v. McCallum, 733 So.2d 1133, 1134 (Fla. 4th DCA 1999); Profile Invs., Inc. v. Delta Prop. Mgmt., Inc., 957 So.2d 70 (Fla. 1st DCA 2007). Summary judgment is “interlocutory in character” and does not automatically result in the entry of final judgment. Fla. R. Civ. P. 1.510(c); Cardiothoracic & Vascular Surgery, P.A. v. W. Fla. Reg'l Med. Ctr., 993 So.2d 1060, 1061 (Fla. 1st DCA 2008).
In this case, the trial court simply granted NNN’s motion for summary judgment but did not enter a judgment or issue a writ of possession. NNN subsequently sought an entry of final judgment, which the court refused to grant pending the resolution of the instant appeal. NNN sought an order of final judgment precisely because the trial court’s order on the motion for summary judgment did not grant NNN the right to possess the property. As a result, the trial court’s order does not fit within the plain terms of Rule g.lSCKaXSXcXii).[1] See Miami-Dade County v. Perez, 988 So.2d 40, 42 (Fla. 3d DCA 2008) (noting that Rule 9.130 does not extend to interlocutory orders in cases *914 seeking possession of real property). We therefore dismiss the appeal.

Dismissed.

WARNER, FARMER and LEVINE, JJ., concur.

. This court narrowly interprets the bases of jurisdiction found in Rule 9.130. Gleicher v. Claims Verification Inc., 908 So.2d 560, 562 (Fla. 4th DCA 2005) (citing Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla. 1984)).