PER CURIAM.
Appellants, property owners, appeal the trial court’s denial of their motion to enforce an order of taking. The court denied their motion to enforce a provision in the order of taking that required Appel-lee to replace, among other things, “trees, landscaping, grasses, shrubbery, [and] crops” (the tree-replacement obligation). Appellants claim the denial of the motion to enforce the tree-replacement obligation, contained within a schedule attached to the order of taking, was an order determining “the right to immediate possession of property.” They therefore assert the denial was appealable via Rule of Appellate Procedure 9.130(a)(3)(c)(ii). We disagree.
Our supreme court has “carefully created” each category of non-final order subject to interlocutory review after input and weighing various policy considerations, “such as increased appellate workload and concomitant delay in ... resolution.” Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 104 So.3d 344, 348 (Fla.2012). Accordingly, the categories of non-final orders subject to interlocutory appeal are narrowly construed. Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984) (“The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders.”).
Here, quite simply, no trees/shrubs/grasses exist. Appellee clear cut them. Thus, instead of the right to immediate possession of the property (i.e., trees), Appellants seek enforcement of a contractual right to replacement of unspecified property. They do not claim a right to possession of identifiable property as required by Rule 9.130(a)(3)(c)(ii). In ad *573 dition, the trial court granted Appellants’ alternative request to amend their answer below to assert claims regarding the tree-replacement obligation. The trial court’s order leaves pending the replacement issue.[1] Thus, the court has not determined the immediate right to the replacement trees/shrubs/grasses as it has simply postponed or deferred ruling. Appellants have not met the immediacy requirement under Rule 9.130(a)(3)(c)(ii). See Naghtin v. Jones, 680 So.2d 573 (Fla. 1st DCA 1996).
Accordingly, the order on appeal is non-final and non-appealable. This court does not have jurisdiction to review it. Appellants’ appeal is DISMISSED.
CLARK, MAKAR, and OSTERHAUS, JJ., concur.

. By concession, in both its brief and at oral argument, and enforceable on remand, Appel-lee has explained that it "has an obligation.” The extent of Appellee’s obligation is a matter for the trial court to address via Appellants’ counterclaims.