# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2404
Lower Tribunal No. 15-22164
_____

**Robert Perlberg,**
Appellant,

vs.

**Lubercy Asia Holdings, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Donald N. Jacobson, P.A., and Donald N. Jacobson (Palm Beach), for appellant.

Holland & Knight LLP, and Monte S. Starr and J. Keith Ramsey (Orlando), for appellee.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

ROTHENBERG, C.J.

This case involves a dispute between the owner of a condominium, Lubercy Asia Holdings, LLC ("Lubercy"), and an interior design firm, Perlberg Associates, Inc. ("PAI"), whose lien against the condominium was declared fraudulent by the trial court and discharged. Specifically, the trial court's order granted Lubercy's motion for summary judgment on two counts. First, the order granted summary judgment against PAI on its claim to foreclose its lien on the condominium. Second, the order granted summary judgment in favor of Lubercy on its counterclaim that PAI and Robert Perlberg ("Perlberg"), the president of PAI, filed a fraudulent lien. The trial court's order declared PAI's lien on the condominium unenforceable, discharged the lien, and determined that Lubercy is entitled to prevailing party fees and punitive damages pursuant to section 713.31(2)(c), Florida Statutes. Perlberg appeals the trial court's order granting summary judgment. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

The trial court's order granting summary judgment is neither a final nor a partial final judgment because there are still several counts pending before the trial court in the complaint and counter-complaint that involve the same parties and arise out of the same underlying facts. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561-62 (Fla. 3d DCA 2015) (stating that "an order of the circuit court is 'final' if it ends all judicial labor in the case" and that an

2

appellate court can hear a partial final judgment "only when the claims adjudicated by that order are separate and independent from the portion of the case still to be adjudicated. . . . If all claims arise from the same set of facts, an order resolving fewer than all of the counts is not appealable") (citations and footnote omitted).

On appeal, Perlberg also contests the trial court's determination that Lubercy is entitled to prevailing party fees pursuant to section 713.31(2)(c), but that determination is not appealable because the amount of fees has not yet been fixed. Threadgill v. Nishimura, 222 So. 3d 633, 635 (Fla. 2d DCA 2017) ("An order that merely finds entitlement to attorney's fees but does not set an amount is a nonfinal, nonappealable order."); Mem'l Sloan-Kettering Cancer Ctr. v. Levy, 681 So. 2d 842, 842 (Fla. 3d DCA 1996) (holding that "because the trial court's order finding that the appellees were entitled to an award of attorney's fees against the appellant did not fix the amount, we dismiss that portion of the appeal for lack of jurisdiction").

Perlberg contends that this Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), which grants district courts of appeal jurisdiction over appeals of non-final orders that determine "the right to immediate possession of property." However, even an order granting summary judgment and determining that a party has "no legal right to possess the property" is not appealable under rule 9.130(a)(3)(C)(ii) because it does not "determine the

3

'immediate right to possession' even though it may resolve the underlying legal issues." <u>Tarik, Inc. v. NNN Acquisitions, Inc.</u>, 17 So. 3d 912, 913 (Fla. 4th DCA 2009). Similarly, here, although the summary judgment order on appeal adjudicated some of the underlying legal issues, it did not determine the **immediate** right to possession of property. Accordingly, rule 9.130(a)(3)(C)(ii) does not provide this Court with jurisdiction.

For these reasons, we dismiss this appeal as taken from a non-final, nonappealable order.

Dismissed.