# Third District Court of Appeal

## State of Florida

Opinion filed December 19, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2145
Lower Tribunal No. 18-7344
_____

## The Local Door Coupons Franchise, Inc.,
Appellant,

vs.

## Eric Mayers,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Genovese Joblove & Battista, P.A., and W. Barry Blum and Elizabeth G. McIntosh, for appellant.

Zarco Einhorn Salkowski & Brito, P.A., and Colby G. Conforti and Robert M. Einhorn, for appellee.


Before SALTER, SCALES and LUCK, JJ.

<u>ON MOTION TO DISMISS APPEAL</u>

SCALES, J.

The Local Door Coupons Franchise, Inc. ("Corporation"), plaintiff below, seeks review of a non-final order of the trial court requiring Corporation to advance to defendant Eric Mayers legal fees and costs associated with the ongoing litigation in the lower proceeding. Mayers filed a motion to dismiss Corporation's appeal, asserting this Court lacks jurisdiction to review the trial court's non-final order. Because the trial court's order has not affixed a dollar amount to be paid by Corporation, we lack jurisdiction to adjudicate the subject non-final order, and dismiss the instant appeal as premature.

## I.    RELEVANT FACTS AND PROCEDURAL BACKGROUND

Mayers is a shareholder of Corporation. In March 2018, Corporation sued Mayers, alleging that Mayers was improperly representing himself as Corporation's chief executive officer, and interfering with Corporation's franchisees. Mayers answered Corporation's complaint and, both individually and derivatively on behalf of Corporation, asserted counterclaims against Corporation and third-party claims against Corporation's former attorney and law firm, and several of Corporation's shareholders and officers.

Mayers then, pursuant to section 607.0850(9) of the Florida Statutes[1] and the indemnification provision contained in Corporation's shareholder agreement, filed a verified motion seeking an order requiring Corporation to "pay all of Mayers'

---

[1] This statute provides a mechanism and procedure for a corporate agent to obtain indemnification from a corporation under specified circumstances.

fees and costs incurred thus far and in the future in the action." After conducting a non-evidentiary hearing, the trial court determined that the language of the subject indemnification provision required Corporation to advance fees and costs to Mayers for both (i) defense of Corporation's first-party action against Mayers, and (ii) prosecution of Mayers's counterclaims and third-party claims. The trial court's order, however, does not determine the amount of any fees and costs to which Mayers is entitled; in fact, the order specifically states that "[t]he amounts of fees and expenses subject to advancement will be determined in a subsequent hearing."

Corporation now appeals this non-final order. Asserting that we lack jurisdiction to review the subject order, Mayers has filed the instant motion to dismiss the appeal.

## II.   ANALYSIS

This Court has appellate jurisdiction to review only those non-final trial court orders scheduled in Florida Rule of Appellate Procedure 9.130(a)(3). See Jenne v. Maranto, 825 So. 2d 409, 413 (Fla. 4th DCA 2002) ("The enumerated categories of permissible nonfinal review stated in rule 9.130 must be limited to their plain meaning. The rule does not authorize judges to enlarge its provisions to permit review of nonfinal orders not specified within its provisions.") (citation omitted). In opposition to Mayers's motion to dismiss, Corporation asserts that the

3

subject order determines "the right to immediate possession of property" and, thus, that we have jurisdiction pursuant to rule 9.130(a)(3)(C)(ii).[2]

We have routinely concluded, in other contexts, that orders determining mere entitlement to attorney's fees, without affixing an amount, are non-reviewable, non-final orders. See Perlberg v. Lubercy Asia Holdings, LLC, 247 So. 3d 627, 628 (Fla. 3d DCA 2018); Tower Hill Prime Ins. Co. v. Torralbas, 176 So. 3d 374, 374 (Fla. 3d DCA 2015); Kling Corp. v. Hola Networks Corp., 127 So. 3d 833, 833 (Fla. 3d DCA 2013); Reid v. Estate of Sonder, 63 So. 3d 7, 11 (Fla. 3d DCA 2011); Mem'l Sloan-Kettering Cancer Ctr., v. Levy, 681 So. 2d 842, 842 (Fla. 3d DCA 1996). From our jurisdictional perspective, we view the instant order – determining only a shareholder's right to advancement of litigation expenses under an indemnification provision contained in a shareholder's agreement and as provided by section 607.0850 – as being substantially similar to those orders that merely entitle a party to attorney's fees, without setting an

---

[2] This provision of the rule reads, in its entirety:

> (3) Appeals to the district courts of appeal of non-final orders are limited to those that
>     . . . .
> (C) determine
>     . . . .
> (ii) the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment[.]

Fla. R. Civ. P. 9.130(a)(3)(C)(ii).

amount. Specifically, we conclude that the instant order does not determine Mayers's "right to immediate possession of property." See Fla. R. App. P. 9.130(a)(3)(C)(ii).

In so holding, we distinguish the instant interlocutory order – *granting* entitlement to advancement – from an interlocutory order *denying* such entitlement. An interlocutory order that outright denies a party's claim for advancement of litigation expenses under an indemnification provision contained in a shareholder's agreement most assuredly determines a party's right to immediate possession of property: it determines that the party has no such right. Ergo, review of an order denying entitlement to advancement is warranted under rule 9.130(a)(3)(C)(ii).[3]

Whereas, an order granting entitlement to advancement under an indemnification clause, *without affixing an amount of such entitlement*, lacks two essential elements required under the rule. Such an order neither defines specifically the property to which a party is entitled, nor grants immediate possession of it. Put another way, requiring Corporation to indemnify its shareholder (Mayers) for fees and costs Mayers has already incurred and will incur

---

[3] Indeed, in this Court's recent case of MVW Management, LLC v. Regalia Beach Developers LLC, 230 So. 3d 108, 109 (Fla. 3d DCA 2017), we concluded, without elaboration, that rule 9.130(a)(3)(C)(ii) provides the jurisdictional basis for interlocutory review of an order denying entitlement to advancement under an indemnification clause contained in an operating agreement.

5

during the pendency of the lower proceedings, without setting an amount, does not determine Mayers's right to immediate possession of property in this case, as is required to invoke this Court's jurisdiction under rule 9.130(a)(3)(C)(ii).

Our conclusion is buttressed not only by rule 9.130(a)(3)(C)(ii)'s plain language, but also by the philosophy limiting piecemeal appeals. See BE & K, Inc. v. Seminole Kraft Corp., 583 So. 2d 361, 364 (Fla. 1st DCA 1991) ("[T]he purpose of rule 9.130 is to limit review of non-final orders to prevent the waste of judicial resources, a consideration that becomes even more compelling as the case filings in the appellate courts of this state continue to increase at an incredible rate. Piecemeal review of non-final orders prior to final disposition of all issues must be strictly limited as much as possible to conserve the sparse judicial resources available at the appellate level. This is especially true of non-final orders awarding conditional affirmative relief that may never result in a final judgment against the defendant."). It would be nonsensical for this Court to review an interlocutory order that merely grants entitlement, and then force the parties to engage in separate appellate proceedings if the amount of the award is also challenged. Case in point, allowing appellate review of the instant order would necessitate a separate interlocutory appeal if the amount of the advancement were challenged.

## III. CONCLUSION

6

We lack jurisdiction to review the subject non-final order. Because the subject order determines merely that Mayers is entitled to advancement of attorney's fees and costs under the indemnification clause in Corporation's shareholder agreement, but fixes no amount of such entitlement, Corporation's appeal of the order is premature.

Appeal dismissed.