FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

———————————————

No. 1D2024-2977

———————————————

NEW VENTURE OF DESTIN, LLC
and DAMON BECNEL,

    Appellants,

    v.

SILVER SHELLS PROPERTY
OWNERS ASSOCIATION, INC.,
CHRISTINE GARGER KORFONTA,
SUNRISE BEACH SERVICE, LC,
H&T CAPITAL, LLC, and SILVER
SHELLS OWNERS CLUB, LLC,

    Appellees.

———————————————

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

December 23, 2025

PER CURIAM.

DISMISSED. *See Tarik, Inc. v. NNN Acquisitions, Inc.*, 17 So. 3d 912, 913 (Fla. 4th DCA 2009) (concluding that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) did not provide the court with jurisdiction to review an order granting the appellee's motion for summary judgment on its claim for possession, even though the trial court determined that the appellant had no legal right to possess the real property, because "[i]n real property cases, the

trial court's order on a party's summary judgment motion does not determine the 'immediate right to possession' even though it may resolve the underlying legal issues").

LEWIS and RAY, JJ., concur; TANENBAUM, J., concurs in result with opinion.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––

TANENBAUM, J., concurring in result.

The order on appeal is one granting summary judgment in favor of Silver Shells Property Owners Association on the first three counts of a five-count complaint. Those initial counts collectively stemmed from a declaration of restrictive covenants and easements covering beach resort property. They sought, on the one hand, compensatory damages for breach of contract; on the other—essentially—they sought specific performance (albeit the third count having been labeled "injunction") requiring the developer, New Venture of Destin, LLC, to transfer title and easement rights pertaining to certain common properties. The remaining two counts sought both equitable reformation and statutory civil penalties and damages. The order expressly withheld entry of a "final judgment" on the first three counts until there was "resolution of the remaining claims in the case."

This appeal does not involve one from a final order. It is common knowledge that an order granting summary judgment "merely establishes entitlement to a judgment and does not actually enter or render a judgment." *Monticello Ins. Co. v. Thompson*, 743 So. 2d 1215, 1215–16 (Fla. 1st DCA 1999) (citing *Catchings v. Fla.–McCracken Concrete Pipe,* 101 Fla. 792, 135 So. 561, 562 (1931)). Even if the order here contained some language of finality—though it clearly does not—it still would not count as a "partial final judgment," because it did not "dispose[] of an entire case as to any party" and did not "dispose[] of a separate and

distinct cause of action that is not interdependent with other pleaded claims." Fla. R. App. P. 9.110(k). The only way this court could have jurisdiction to directly review the order is if it is one of the non-final orders listed by the supreme court in Florida Rule of Appellate Procedure 9.130(a)(3). *See* Art. V, § 4(b)(1), Fla. Const. (authorizing a district court to "review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court"). New Venture contends that the order is appealable under either rule 9.130(a)(3)(B)—covering an order that grants an injunction—or rule 9.130(a)(3)(C)(ii)—covering an order that determines "the right to immediate possession of property."

But the order does neither. The order is not like a preliminary injunction because it is not directed toward preserving the status quo, and it does not direct New Venture to do anything and otherwise is not worded to regulate New Venture's conduct in a way that could subject it to contempt proceedings if it failed to comply. *Cf. Alger v. Peters*, 88 So. 2d 903, 906 (Fla. 1956) ("An injunctive decree is a personal decree and in entering it a court of equity is usually rendering an in personam judgment that acts on the person of the party affected."); *see also Pizio v. Babcock*, 76 So. 2d 654, 655 (Fla. 1954) (noting that an injunctive order "should be confined within reasonable limitations and cast in such terms as they can, with certainty, be complied with"; and "[t]he one against whom it is directed should not be left in doubt about what he is to do").

The order also does not entitle the association to immediate possession of the common properties. Because rule 9.130 is the supreme court's policy statement regarding a district court's jurisdiction to hear enumerated non-final orders, we narrowly construe its scope. *Cf. Travelers Ins. Co. v. Bruns*, 443 So. 2d 959, 961 (Fla. 1984) ("The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders."); *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 819 (Fla. 2004) (interpreting "rule 9.130(a)(3)(C)(v) . . . narrowly"); *Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 348 (Fla. 2012) (explaining how the court "makes policy determinations" when it sets out "which categories of non-final orders are appealable to the district courts"); *see also Walker v. Fla. Gas Transmission Co., LLC*, 134 So. 3d 571, 572 (Fla. 1st DCA 2014) (concluding that "the

categories of non-final orders subject to interlocutory appeal are narrowly construed" (citing *Bruns,* 443 So. 2d at 961)). To be appealable under rule 9.130(a)(3)(C)(ii), an order must determine the "right to immediate possession of property" in a manner like the three examples it lists: *pre-judgment* "writs of replevin, garnishment, [and] attachment." These writs are not remedies; they do not serve to execute on judgments. Rather, each effects a seizure of property and brings it within the jurisdiction of the court to preserve it while the litigation proceeds. *See* Art. V, § 5(b), Fla. Const. (granting the circuit court the authority to issue "all writs necessary or proper to the complete exercise of [its] jurisdiction"); *cf.* §§ 76.03, 76.08, Fla. Stat. (prejudgment writ of attachment); § 77.031, Fla. Stat. (prejudgment writ of garnishment); § 78.068, Fla. Stat. ("prejudgment writ of replevin"); *see also McMurrain v. Fason*, 573 So. 2d 915, 917 (Fla. 1st DCA 1990) (describing operation of a prejudgment writ of replevin to provide "immediate possession of the inventory"); *Cerna v. Swiss Bank Corp. (Overseas), S.A.*, 503 So. 2d 1297, 1298 (Fla. 3d DCA 1987) (describing purpose of prejudgment writ of attachment to preserve property); *Garel & Jacobs, P.A. v. Wick*, 683 So. 2d 184, 186 (Fla. 3d DCA 1996) (describing prejudgment writ of garnishment as "ancillary to the main action" and a "civil remedy available to a party to secure the anticipated money judgment the party ultimately expects to recover").

Nothing on review resembles the trial court's effort at preserving the status quo while litigation remains pending— through either a preliminary injunction or a prejudgment preservation writ—so we do not have jurisdiction under rule subdivisions 9.130(a)(3)(B) and (C)(ii). We properly dismiss this appeal.

———————————————

Raymond J. Rafool, Patricia M. Montes de Oca, and Seth J. Rutman of Rafool, PLLC, Miami, for Appellants.

D. Kent Safriet of Holtzman Vogel Baran Torchinsky & Josefiak, PLLC, Tallahassee; Scott D. Stevens of Starnes Davis Florie LLP, Mobile, AL, for Appellee Silver Shells Property Owners Association, Inc.