# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1304
Lower Tribunal No. 2024-CA-000351-O

_____

PROGRESSIVE MARATHON INSURANCE COMPANY,

Appellant,

v.

ANTOINETTE RIVERA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
A. James Craner, Judge.

April 2, 2026

PER CURIAM.

DISMISSED.  *See* Fla. R. App. P. 9.130(a)(3)(C)(i) ("Appeals to the district courts of appeal of nonfinal orders are limited to those that . . . **determine** . . . **the jurisdiction of the person**." (emphasis added)); *Torres v. SBE Hotel Grp., LLC*, 403 So. 3d 883, 885 (Fla. 3d DCA 2023) ("The rule requires that an interlocutory order on appeal must actually adjudicate and determine the personal jurisdiction issue." (quoting *Dexx Med. Indus., CA v. Fitesa Naotecidos S.A.*, 346 So. 3d 1215, 1217 (Fla. 3d DCA 2022))); *see also Walker v. Fla. Gas Transmission Co., LLC*, 134 So. 3d 571, 572 (Fla. 1st DCA 2014) ("[T]he categories of non-final orders subject to

interlocutory appeal are narrowly construed." (citing *Travelers Ins. Co. v. Bruns*, 443 So. 2d 959, 961 (Fla. 1984))).

NARDELLA and WHITE, JJ., concur.
PRATT, J., concurs, and concurs specially.

—————————————————

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
—————————————————

PRATT, J., specially concurring.

I fully concur in the majority's decision to dismiss this appeal. Because the trial court's nonfinal order did not "determine . . . the jurisdiction of the person" within the meaning of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), the nonfinal order does not fall within the limited category of nonfinal orders that may be interlocutorily appealed. *See generally* Fla. R. App. P. 9.130. We therefore lack jurisdiction to reach the merits of Appellant's arguments regarding the nonfinal order at this juncture. *Compare, e.g.*, art. V, § 4(b)(1), Fla. Const. ("District courts of appeal . . . may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court."), *and* Fla. R. App. P. 9.030(b)(1)(B) ("District courts of appeal shall review, by appeal . . . nonfinal orders as prescribed by rule 9.130."), *and* Fla. R. App. P. 9.130(a)(1) ("This rule applies to appeals to the district courts of appeal of the nonfinal orders authorized herein[.]"), *and* Fla. R. App. P. 9.130(a)(3)(C)(i) ("Appeals to the district courts of appeal of nonfinal orders

2

are limited to those that . . . determine . . . the jurisdiction of the person."), *with, e.g.,* art. V, § 4(b)(1), Fla. Const. ("District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts . . . not directly appealable to the supreme court or a circuit court."), *and* Fla. R. App. P. 9.030(b)(1)(A) ("District courts of appeal shall review, by appeal . . . final orders of trial courts . . . not directly reviewable by the supreme court or a circuit court."), *and* Fla. R. App. P. 9.110(a)(1) ("This rule applies to those proceedings that . . . invoke the appeal jurisdiction of the courts described in [the enumerated rules, including rule 9.030(b)(1)(a)] . . . ."), *and* Fla. R. App. P. 9.110(h) ("[T]he court may review any ruling or matter [to which rule 9.110 applies] occurring before filing of the notice [of appeal]."), *and* Fla. R. App. P. 9.130(h) ("This rule will not preclude initial review of a nonfinal order on appeal from the final order in the cause.").

_____

Alyssa M. Reiter, of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for Appellant.

Mary J. Walter, of Walter Appeals & General Litigation, Orlando, for Appellee.